Mildred E. AUSTIN, Petitioner,

v.

Victor Leon AUSTIN, Respondent.

No. B–8937.

Supreme Court of Texas.

July 2, 1980.

Rehearing Denied July 30, 1980.

Terry L. Belt, Austin, for petitioner.

Harriet Samon Owen, Austin, for respondent.

McGEE, Justice.

. This is the second appeal from a suit for divorce filed in 1975 by Mildred Austin. At the time of the trial Mrs. Austin was seriously ill and was unable to attend. Following a trial to the court, the judge announced in open court the manner in which the property was to be divided. Mrs. Austin died before a written decree was signed. Mr. Austin filed a plea in abatement and the trial court dismissed the divorce suit. On appeal by Mrs. Austin's legal representatives, the court of civil appeals reversed the dismissal order, holding that the divorce judgment had been rendered before Mrs. Austin died, and the divorce action did not abate upon her death. The cause was remanded with instructions to the trial court to render a written judgment either granting or denying the divorce. *Austin v. Austin*, 553 S.W.2d 9 (Tex.Civ.App.—Eastland 1977, writ dism'd w. o. j.).

In response to this mandate, the trial judge ordered a hearing, granted the divorce, and divided the property. Mr. Aus-

tin appealed. The court of civil appeals reversed, the majority holding that there was no evidence of grounds for divorce. 586 S.W.2d 937. A dissenting opinion was written in which it was urged that the divorce judgment was supported by evidence. We agree with the dissenting opinion, and accordingly the judgment of the court of civil appeals is reversed.

The ground of divorce alleged by Mrs. Austin was insupportability as provided in § 3.01 of the Texas Family Code.

"Section 3.01. Insupportability

"On the petition of either party to a marriage, a divorce may be decreed without regard to fault if the marriage has become insupportable because of discord or conflict of personalities that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation."

Tex. Family Code Ann. § 3.01 (Vernon 1975). The evidence offered for Mrs. Austin to establish insupportability was presented in open court at trial by her attorney. Because of the seriousness of Mrs. Austin's illness, rather than require her appearance as a witness, Mrs. Austin's attorney offered to state what her testimony would be if she appeared to testify. According to Mrs. Austin's attorney, both parties had agreed upon certain statements that would be made by Mrs. Austin were she to testify. The manner in which the evidence offered in Mrs. Austin's behalf is set out in the statement of facts as follows:

"MR. BELT: Your Honor, one of the items that we have got some stipulations, that I think that we need to discuss. We have agreed that were the Petitioner, Mildred Austin, here that she would testify certain things. Her testimony would have been, and Counsel for the Respondent has agreed, that her name is as stated in the Petition, Mildred E. Austin; that she was married to the Respondent, Victor Leon Austin, on or about June 15th, 1958; that she separated from Victor Leon Austin on or about October 15th, 1975; that she had lived in Burnet County for ninety days preceding the filing of

the divorce; that she was a domiciliary of the State of Texas for six months prior to the filing of the divorce; no children were born of the marriage or adopted or expected of the marriage; and that the marriage has become insupportable due to discord and conflict of personality; that there is no hope of reconciliation. Had she been here she would have testified to that, and we appreciate the Respondent's attorney agreeing to that stipulation.

"THE COURT: Well, I would just like to swear the Respondent and have him affirm that and state that those things are true that you want to stipulate. He heard the stipulation.

"MR. RUSSELL: I think Your Honor, too, more likely you want to call him.

"MR. BELT: My next step was to put him on the stand.

. . . . .

"MR. RUSSELL: I do want to state in respect to it, we may have a discrepancy in the date of the marriage. I am sure he'll bring it out in the testimony, but I think we overlooked that.

"MR. BELT: I would like to call Leon Austin to the stand.

. . . . .

"Questions by Mr. Belt:

"Q Mr. Austin, please state your name to the Court.

"A Victor Leon Austin.

"Q And are you Respondent in this cause of action for divorce filed by Mildred E. Austin?

"A Yes, sir.

"Q It is stipulated, as you heard me introduce to the Court, that you were married to Mrs. Austin and I stated a date of on or about June of 1958. Is that date correct or incorrect?

"A That's wrong.

"Q What date were you all married?

"A June, 1959.

"Q June, 1959?

"A Uh-huh.

"Q Do you know that she did live in Burnet County for ninety days prior to filing this divorce?

"A Oh, yeah.

"Q And certain had been a domiciliary of the State of Texas for the last six months?

"A Yes.

"Q You agree that your marriage has become unsupportable due to discord and conflict of personalities?

"A According to her testimony, yes, sir.

"Q Is there any hope of reconciliation?

"A It's up to her.

"Q As far as you know, is there any hope?

"A Not as I can see, unless she changed her mind.

"Q No children were born?

"A No.

"Q You have not adopted any?

"A No.

"Q There is none expected?

"A No."

This portion of the proceedings was reintroduced at a hearing held after the first appeal of the suit, directing the trial court to render a written decree granting or denying the divorce. On the basis of this evidence, the trial court granted the divorce.

Rule 11 of the Texas Rules of Civil Procedure provides that agreements between the parties to a suit or their attorneys are enforceable if made in open court and entered of record. Pursuant to Rule 11, to avoid delay and expense, counsel may stipulate concerning evidence material to the suit. To be distinguished from situations in which the parties agree on the truth of specific facts, are situations in which the parties agree on the admissibility of evidence. Thus, the parties may agree upon the statements an absent witness would make were that witness present to testify. They may also agree that the absent witness' statements may be introduced as evidence. In these situations the truth of the absent witness' statements is not necessarily admitted; the statements may be controverted with opposing evidence.

The probative effect of the absent witness' testimony, as with other controverted evidence, is for the trier of fact. *Jackson v. Lewis*, 554 S.W.2d 21, 24 (Tex.Civ.App.—Amarillo 1977, no writ); *Firemen and Policemen's Pension Fund v. Guerrero*, 395 S.W.2d 397, 398–99 (Tex.Civ.App.—San Antonio 1965, writ ref'd n. r. e.); *Texas Indemnity Insurance Co. v. Dunn*, 221 S.W.2d 922, 924 (Tex.Civ.App.—Waco 1949, no writ). This is an application of the rule that the agreement between the parties will not be given greater effect than intended. A stipulation will not be construed as an admission of a fact intended to be controverted. *United States Fire Insurance Co. v. Carter*, 468 S.W.2d 151, 154 (Tex.Civ.App.—Dallas 1971), *writ ref'd n. r. e. per curiam*, 473 S.W.2d 2 (Tex.1971).

■ The manner in which Mrs. Austin's testimony was offered complied with Rule 11. The stipulation was discussed in open court and appears in the statement of facts, which is signed by both counsel and is part of the official record. *See Sone v. Braunig*, 469 S.W.2d 605, 611 (Tex.Civ.App.—Beaumont, 1971, writ ref'd n. r. e.); *Westridge Villa Apartments v. Lakewood Bank and Trust Co.*, 438 S.W.2d 891, 894 (Tex.Civ.App.—Fort Worth 1969, writ ref'd n. r. e.). It is not contended that Mrs. Austin's attorney was not authorized to stipulate her testimony. The agreement of the parties is clear and unambiguous. Mrs. Austin's attorney stated, "We have agreed that were the Petitioner, Mildred Austin, here that she would testify to certain things. Her testimony would have been, and Counsel for the Respondent has agreed . . . that the marriage has become insupportable due to discord and conflict of personality. . ." No objection was made to the offer of evidence in this manner. When called to the stand to verify the stipulation, Mr. Austin corrected the stipulation only with respect to the marriage date. He acknowledged that "according to [Mrs. Austin's] testimony" the marriage had become insupportable. Apparently satisfied with the validity of the stipulation, the trial court made no indication that it was unacceptable. We hold that Mrs. Austin's testimony that the marriage had become insupportable was validly stipulated. Thus, her testimony was probative evidence of insupportability and the trial court was entitled to find in favor of Mrs. Austin in her suit for divorce.

■ Mr. Austin argues that the offered testimony should have no effect because his own testimony relating to the existence of grounds for divorce was equivocal. Although Mr. Austin did not agree when asked if the marriage was insupportable, he conceded that Mrs. Austin would say it was. His reluctance to agree with the truth of Mrs. Austin's testimony does not detract from the validity of the stipulation. The stipulation was that Mrs. Austin would testify in a certain manner, not that her testimony was true. Mrs. Austin's testimony having been stipulated as evidence, its probative value was for the trier of fact. On the basis of that evidence, the trial judge found that Mrs. Austin had proved a statutory ground for divorce and entered judgment accordingly.

For the reasons stated above, the judgment of the court of civil appeals, which reversed the judgment of the trial court and rendered judgment denying the divorce, is reversed. We have examined the brief of Mr. Austin, as appellant and prevailing party in the court of civil appeals, to determine if there are points of error not passed upon that would require affirmance of the judgment of the court of civil appeals. Because of the court of civil appeals' holding that the divorce was erroneously granted, Mr. Austin's assignments of error dealing with division of the property and attorney's fees became immaterial and were not considered. None of these points raise alternate grounds for affirming the civil appeals' judgment that the divorce was erroneously granted. We therefore remand this cause to the court of civil appeals for consideration of those points. *See McKelvy v. Barber*, 381 S.W.2d 59, 64 (Tex.1964); *Block v. Aetna Casualty & Surety Co.*, 138 Tex. 420, 159 S.W.2d 470, 471 (1942).