In the Matter of the MARRIAGE of Ross GLAZE, Deceased, and Mary Elizabeth Glaze.

No. 9149.

Court of Civil Appeals of Texas, Amarillo.

Sept. 10, 1980.

Rehearing Denied Oct. 8, 1980.

Ochsner & Baughman, Frank J. Baughman, Amarillo, Templeton & Garner, Charles Watson, Amarillo, for appellant.

Smith, Jarrell and Associates, Carson Smith, Amarillo, for appellee.

COUNTISS, Justice.

This appeal by the wife from a final divorce judgment presents three questions: (1) whether the trial court abused its discretion when dividing the property of the parties, (2) whether the trial court erroneously assumed jurisdiction over out-of-state realty and (3) whether there is any, or sufficient, evidence to support the ground for divorce found by the trial court. We affirm.

The parties, Ross Glaze and Mary Elizabeth Glaze were married in 1951, separated in June 1977 and the late Mr. Glaze [1] initiated divorce proceedings in August 1978. The case was tried before the court without a jury in April and May, 1979. The trial court granted the divorce divided the property of the parties and signed a final judgment on May 14, 1979. The trial court also filed findings of fact and conclusions of law. The parties had accumulated considerable property during their marriage, owning real estate and personalty in Potter and Randall Counties, Texas, and in New Mexico.

Mrs. Glaze presents three points of error in this court raising the three questions set out in the first paragraph of this opinion. In her first point of error she states that the trial court's property division was unfair and manifestly unjust, because it awarded property of far greater value to Mr. Glaze than to her.

In a divorce case, the trial court is required by section 3.63 of the Texas Family Code to "order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party ...." The standard by which this court must review a division of property by the trial court is stated in *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex.1974):

> Texas courts have held that such division does not have to be equal, and appellate courts have held it must be presumed that the trial court exercised its discretion properly, and that a case should be reversed only where there is a clear abuse of discretion.... It is well established that Texas divorce courts are given wide discretion in making division of the property of the parties. That discretion will

---

1. Mr. Glaze died during the pendency of this appeal.

not be disturbed on appeal unless the court had clearly abused its discretion.

█ The trial court in this case valued the property within the range of the evidence presented by the parties. No complaint is made of the evidentiary support for the valuation findings. Based on the valuations it found, the trial court then made an almost equal net monetary division of the property. We find no abuse of discretion in the division made by the trial court.

Mrs. Glaze's primary concern about the property division involves a ranch in New Mexico. She contends the ranch, awarded to Mr. Glaze, had a net value of over $400,000 and that Mr. Glaze received total property with a net value of over $433,000 while she received property with a net value of only $214,000. She also contends the trial court failed to take into consideration the value of personal property at the ranch and the value of leased acreage used in connection with the ranch.

█ Mrs. Glaze's argument that there was a disparate property division is, however, based on her valuation evidence instead of the values found by the trial court. The trial court found the net value of the ranch to be $282,000, over $140,000 less than suggested by her evidence and over $50,000 more than suggested by Mr. Glaze's evidence. The finding was within the range of the evidence, as noted above, and any contentions in this court concerning an unequal division must be based upon the trial court's unchallenged findings, not Mrs. Glaze's evidence.

With reference to Mrs. Glaze's contention that the trial court failed to consider the value of the personalty located at the New Mexico ranch, we observe that many of the items alleged to be personalty, such as windmills and corrals, were fixtures attached to the realty. Mr. Glaze testified that these items were included in his valuation of the realty. Also, the personalty in question was part of a long list of items set out in a trial exhibit. Mr. Glaze testified that some of the items of personalty were located at the New Mexico ranch and some were located on other property. It is impossible to determine from this record the specific items of personalty that may have been located in New Mexico and whether any were omitted when the trial court made its valuation findings. Thus, the record does not demonstrate that the trial court failed to value or consider those items.

Mrs. Glaze's contention that the trial court failed to consider the value of leased acreage used in conjunction with the New Mexico ranch is also unsupported by the record before this court. Mr. Glaze's evidence placed no monetary value on the leased acreage. Mrs. Glaze's expert valuation witness likewise placed no specific value on the leased acreage. He testified, however, that the valuation he placed on the New Mexico ranch was enhanced, in an unspecified amount, because of the leased acreage. The trial court valued the ranch at over $50,000 more than was suggested by Mr. Glaze's evidence. We must assume that, in doing so, he took into consideration and made allowance for the leased acreage and any personalty located on the ranch. Mrs. Glaze's first point of error is overruled.

In her second point of error, Mrs. Glaze states that the trial court erred in determining title to real property located outside the state of Texas. On April 20, 1979, the parties presented evidence to the trial court pertinent to various issues in the case and closed the evidence. Thereafter, on May 3, 1979, the case was again called for trial and the following discussion ensued between counsel and the trial court:

[COUNSEL FOR MR. GLAZE]: Your Honor, Mr. Glaze is ready. I understand for the record that we are reopening the matter not to go into anything that's already been gone into in the past, except for clarification and to fully develop the evidence with regard to all the assets of the parties.

THE COURT: That's right.

[COUNSEL FOR MRS. GLAZE]: And we will include the New Mexico property, and it is my understanding that this Court will make disposition of all properties, both Texas and New Mexico.

THE COURT: I believe that under the authorities, that I do have that authority. We are all in agreement on that, now, is that right?

[COUNSEL FOR MR. GLAZE]: Yes, Your Honor.

[COUNSEL FOR MRS. GLAZE]: Yes, sir.

THE COURT: So the issues, then, would be the value of the New Mexico property and the value of the business.

[COUNSEL FOR MRS. GLAZE]: Yes, Your Honor.

THE COURT: Since there appears to be some problem there, is that right?

[COUNSEL FOR MRS. GLAZE]: Yes, sir.

THE COURT: All right.

The court then heard evidence from the parties on the value of various items of property, including the New Mexico ranch. At the conclusion of the hearing, the trial court announced the manner in which it was ordering the division of the property, stating *inter alia*, "Mr. Glaze will receive the New Mexico ranch. . . ."

The divorce decree subsequently signed by the trial court contains the following provision:

IT IS ORDERED, ADJUDGED AND DECREED that the Respondent shall convey title to the ranch located in Colfax County, New Mexico, to the Petitioner, subject to any indebtedness against such property.

Mrs. Glaze concedes she agreed to permit the trial court to dispose of the New Mexico ranch. She contends, however, that the trial court had no jurisdiction to do so and, thus, her agreement could not vest the trial court with jurisdiction it did not otherwise possess.

▮ Mrs. Glaze is correct in stating that jurisdiction cannot be conferred on a court by agreement of the parties. *See Marriage of Johnson*, 595 S.W.2d 900, 902 (Tex.Civ.

App.–Amarillo 1980, writ ref'd n.r.e.). Likewise, a Texas court does not have, and cannot acquire, in rem jurisdiction over real estate lying outside the state of Texas. *See Kaherl v. Kaherl*, 357 S.W.2d 622 (Tex.Civ. App.–Dallas 1962, no writ). When a party is properly before a Texas court, however, the court has in personam jurisdiction over the person and can sometimes do indirectly what it cannot do directly. In a divorce case, where the parties own out–of–state real property, the trial court can consider the existence and value of that realty in dividing the community property of the parties [2] and can, in the exercise of its equitable powers, order one party to execute a conveyance of the out–of–state property to the other party. *Brock v. Brock*, 586 S.W.2d 927, 930 (Tex.Civ.App.–El Paso 1979, no writ); [3] *See McElreath v. McElreath*, 162 Tex. 190, 345 S.W.2d 722 (1961) and *See* authorities collected in *Estabrook v. Wise*, 506 S.W.2d 248 (Tex.Civ.App.–Tyler 1974), judgments of lower courts set aside and case dismissed as moot, 519 S.W.2d 632 (Tex.1974).

In this case, the trial court did not exceed its jurisdiction. It is apparent from the findings of fact that the trial judge considered the value of the New Mexico ranch in dividing the property, in accordance with the parties' agreement. By ordering Mrs. Glaze to convey the New Mexico property to Mr. Glaze, the court exercised its equitable power to compel action by a party over whom it had in personam jurisdiction. The second point of error is overruled.

In her third point of error, Mrs. Glaze challenges the factual and legal sufficiency of the evidence to support the trial court's finding of insupportability. The trial court found that "[t]he marriage has become insupportable because of discord and conflict of personalities that destroys the legitimate ends of the marriage relationship, and prevents any reasonable expectation of reconciliation."

---

2. Neither party contends the New Mexico ranch was separate property.

3. *Brock v. Brock, supra*, was disapproved on a point not pertinent here, in *Howell v. Coca–Cola Bottling Co. of Lubbock*, 599 S.W.2d 801, 802 (Tex.1980).

Mr. Glaze filed for divorce, alleging insupportability as his ground. Mrs. Glaze then filed a cross–action for divorce alleging the same ground. At the time of trial in April of 1979, Mrs. Glaze testified as follows:

Q. And you all separated around the 1st of June, 1977, and have been separated since that date?

A. Yes, that's right.

Q. He initiated this action and you filed a cross–action alleging that you joined with him in asking that the divorce be dissolved–or that the divorce be granted, and that the marriage be dissolved on the grounds that you all had grown incompatible over the years and there was no chance to reconcile your marriage?

A. That's the way he filed, yes.

Q. Do you feel that way?

A. That's the way he feels, yes.

Q. Okay. Knowing how he feels, do you think there is any chance you all could effectuate any sort of reconciliation?

A. Not unless he changes, no.

Mr. Glaze then testified as follows:

Q. You just heard your wife testify, did you not?

A. Yes, sir.

Q. And, Mr. Glaze, do you agree that this divorce should be dissolved by this Court?

A. Yes, sir.

Q. Do you think there is any chance you all can effect a reconciliation?

A. No, sir.

Q. There is no way you two can get along any more?

A. No, sir.

\* \* \* \* \* \*

Q. Mr. Glaze, you have been separated officially, I guess you would say, from Mrs. Glaze since about June the 1st of 1977, is that accurate?

A. Yes, sir.

Mrs. Glaze now contends there is no evidence, or insufficient evidence, to support the trial court's finding that the marriage had become insupportable. Her contention that there is no evidence requires us to consider only the evidence and inferences tending to support the finding under attack and disregard all the evidence and inferences to the contrary, while her contention that the evidence is insufficient requires us to consider all of the evidence in order to determine whether the evidence supporting the finding is so weak, or the evidence to the contrary so overwhelming, that the finding should be set aside and a new trial ordered. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

We note, at the outset, that in this court Mrs. Glaze has reversed her trial court posture. Assuming, arguendo, that she has properly preserved her present contentions, they are foreclosed by the recent Texas Supreme Court decision in *Austin v. Austin*, 603 S.W.2d 204 (Tex.1980). In the *Austin* case, the parties stipulated that Mrs. Austin, who was too ill to attend the trial, would testify "that the marriage has become insupportable due to discord and conflict of personality; that there is no hope of reconciliation." Mr. Austin then testified as follows:

Q. You agree that your marriage has become unsupportable due to discord and conflict of personalities?

A. According to her testimony, yes, sir.

Q. Is there any hope of reconciliation?

A. It's up to her.

Q. As far as you know, is there any hope?

A. Not as I can see, unless she changed her mind.

The Supreme Court held that the stipulated testimony of Mrs. Austin, which was stated as an ultimate conclusion, "was probative evidence of insupportability and the trial court was entitled to find in favor of Mrs. Austin in her suit for divorce." *Austin v. Austin*, 603 S.W.2d 204, 207 (Tex.1980).

The same result is required in this case. There is evidence of incompatibility, albeit

phrased largely in ultimate terms, as was the evidence in the *Austin* case. That evidence, when considered in conjunction with the undisputed fact of a continuous separation for approximately twenty months and the obvious acrimony between the parties, apparent elsewhere in their testimony, is evidence sufficient to support the finding of the trial court. Mrs. Glaze's third point of error is overruled.

The judgment of the trial court is affirmed.