TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00521-CV






Sarah Elizabeth Bown, Appellant



v.



Kirk Wilson, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 92-03748, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING 







Appellant Sarah Elizabeth Bown filed suit against appellee Kirk Wilson alleging
that Wilson had sexually molested her while she was a minor. Five years later, the trial court
notified Bown that the case would be dismissed for want of prosecution unless she acted to retain
the case on the docket. After Bown filed a motion to retain the case on the docket, Wilson moved
to dismiss the case. Following a hearing, the trial court dismissed Bown's suit with prejudice for
failure to prosecute. Bown challenges the dismissal in three points of error. In her first point,
she contends Wilson admitted liability by stipulating to an affidavit by Bown alleging sexual
abuse, thus leaving only the issue of damages to be decided. In her second point of error, she
argues that the trial court erred in dismissing the case because Bown had shown good cause to
retain the case on the docket. Bown's final point of error asserts that the refusal of the trial court
to allow Bown to present evidence at the dismissal hearing constituted a violation of due process. 
Concluding that the trial court acted within its discretion, we will affirm the dismissal.


FACTUAL AND PROCEDURAL BACKGROUND

Bown was Wilson's stepdaughter. Bown had emotional problems as a child, at one
point running away from home and living with strangers in Galveston until her family found her
through the use of a private investigator. Bown's emotional problems continued as she got older,
and she has been in therapy throughout much of her life. In the course of her therapy, it was
suggested that her problems stemmed from the sexual abuse she claims to have suffered as a child.

In early 1992, Bown, then approximately twenty years old, hired an attorney to
represent her in filing a lawsuit against her stepfather. Bown filed her original petition in the
District Court of Travis County on March 19, 1992, alleging that Wilson had sexually abused her
on several occasions when she was about eight years old. Wilson filed an answer denying all of
Bown's allegations. Bown took no action to further her claim for the next four years. In May
1996, Bown filed a notice of intention to take Wilson's deposition and requested a subpoena duces
tecum. Bown also sent a set of interrogatories to Wilson, who replied with answers and
objections. The deposition was apparently never taken, and the case again sat idle until February
7, 1997, when the Travis County District Court notified the parties that the case would be
dismissed for want of prosecution on March 26, 1997, unless a motion to retain was filed before
that date. On March 25, 1997, Bown filed a motion to retain the case on the docket. Wilson filed
an opposition to the motion to retain and, on April 14, 1997, filed a separate motion to dismiss
the case. Bown filed an opposition to Wilson's motion to dismiss, supported by her own affidavit. 
A hearing was held on May 2, 1997, after which the trial judge dismissed the case for failure to
prosecute.


DISCUSSION

In her first point of error, Bown contends the dismissal was erroneous because
Wilson admitted liability by orally stipulating to the facts contained in Bown's affidavit filed in
opposition to Wilson's motion to dismiss. In the affidavit, Bown states that she was sexually
abused by Wilson and suffered emotionally from this abuse, which required her to enter therapy. 
She further states that although she was previously emotionally unprepared to confront Wilson in
court, she now feels capable of going to trial. We do not agree with Bown that Wilson conceded
the facts alleged in the affidavit, thereby conceding the case as to liability and leaving only the
issue of damages to be tried.

It is difficult to tell from the record of the hearing exactly what the subject and
content of the stipulation were. Following a statement by the court that the court believed Bown's
counsel when he said Bown had emotional problems, counsel for Bown asked if the parties could
stipulate "that those are the facts." Counsel for Wilson responded by saying that he had not
objected to the affidavit in which Bown alleged sexual abuse and emotional injury. The next
mention of a stipulation followed statements by the court about Bown's history of therapy. 
Counsel for Bown asked if they could "stipulate that those are the facts in this case," with counsel
for Wilson replying that he had "no problem with that." Even assuming this last remark was
intended to be a stipulation as to Bown's history of emotional problems and resulting therapy, the
record does not reflect that the agreement went beyond those narrow facts. At no point did
Wilson's attorney concede liability, nor did he stipulate or agree to the truth of all the statements
made in the affidavit.

A stipulation can be one in which the parties agree on the truth of specific facts,
or it may be an agreement only that an item is admissible as evidence, without agreement as to
its truthfulness. Austin v. Austin, 603 S.W.2d 204, 206 (Tex. 1980). Bown argues that Wilson
stipulated to the truth of all the statements contained within the affidavit. It is equally plausible,
however, that Wilson's attorney was only stipulating to the admissibility of the affidavit as
evidence, with no agreement to its truthfulness, or that he was only agreeing to the truthfulness
of a portion of it. A court may not give an agreement greater effect than was intended by the
parties, nor construe a stipulation as an admission of a fact intended to be controverted. Id. at
207. In the present case, the trial court could have reasonably decided that, after having denied
Bown's allegations and moved to dismiss Bown's suit, Wilson would not have gone on to admit
the truth of the claims that are the basis of the lawsuit. Finding that Wilson had stipulated to the
truth of the allegations would be construing the stipulation as an admission of a fact that Wilson
clearly intended to controvert and thus would be giving the agreement more effect than it appears
Wilson or his counsel intended it to have. An unclear or ambiguous trial stipulation may be
disregarded by the court. Shepherd v. Ledford, 926 S.W.2d 405, 410 (Tex. App.--Fort Worth
1996, writ granted); Mann v. Fender, 587 S.W.2d 188, 202 (Tex. Civ. App.--Waco 1979, writ
ref'd n.r.e.). We think the alleged stipulation here was unclear and ambiguous at best. The trial
court could have reasonably decided that adopting the reading urged by Bown would have given
the stipulation more effect than the parties intended it to have. We overrule Bown's first point
of error.

Bown contends in her second point of error that the trial court erred in dismissing
for failure to prosecute because Bown had established good cause by her affidavit to retain the
case on the docket. Trial courts have the inherent power to dismiss cases for failure to prosecute
diligently. State v. Rotello, 671 S.W.2d 507, 508-09 (Tex. 1984). The dismissal of a case will
be overturned only upon a clear showing of an abuse of discretion. Id. at 509. A trial court
abuses its discretion when it acts in an unreasonable and arbitrary manner, or without reference
to any guiding rules or principles. Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex.
1991); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert.
denied, 476 U.S. 1159 (1986). This Court may not reverse for abuse of discretion merely because
we disagree with a decision of the trial court. Buller, 806 S.W.2d at 226; Downer, 701 S.W.2d
at 242. In the instant case, we conclude the trial court could reasonably decide that Bown did not
show good cause for the delay in prosecuting her case.

When deciding a motion to dismiss, the trial court may take into account the entire
history of the case. Rotello, 671 S.W.2d at 509. In determining whether the case should be
dismissed, the trial court may look at a variety of factors, including periods of activity or
inactivity, the reasons for the lack of action, and the amount of time that has passed. Ozuna v.
Southwest Bio-Clinical Lab., 766 S.W.2d 900, 902 (Tex. App.--San Antonio 1989, writ denied). 
No single factor is dispositive. Id. The Texas Supreme Court has promulgated a rule that civil
jury cases should be brought to trial within eighteen months. See Tex. R. Judicial Admin. 6(a). 
Although this rule is not mandatory, it does provide a guideline for trial judges to use in dealing
with cases that are not prosecuted diligently.

Bown's case was on file for five years before being dismissed. During that time,
Bown made almost no effort to prosecute the suit. Bown's primary excuse for the lack of activity
was that she had not been emotionally capable of facing Wilson in court, and her attorney
expressed the view at the hearing that they had not wanted to pursue the case until Bown was
emotionally stronger. The trial judge pointed out that Bown could have set the case for trial and
then moved for a continuance if she was unable to withstand the psychological stress; in addition,
there were numerous steps Bown could have taken to keep the case active without confronting
Wilson. This case was on the docket for five years with the plaintiff taking virtually no action
to bring it to a conclusion. We conclude that the trial judge acted within her discretion in
dismissing the case for want of prosecution, and we therefore overrule Bown's second point of
error.

In her final point of error, Bown claims the trial court denied her due process by
refusing to allow her to present evidence at the dismissal hearing. The evidence Bown sought to
admit was apparently the testimony of her mother, who would have supported statements made
in Bown's affidavit. Assuming arguendo that Bown had a due process right to present evidence
at the dismissal hearing, we still do not find that she was denied due process. The evidence Bown
sought to admit would have been substantially the same as that contained in her affidavit, which
was filed in the case and considered by the court. Because the evidence that she had suffered
emotional problems and had received therapy for those problems was already before the court by
way of the affidavit, the trial court's decision not to allow Bown to introduce further evidence of
essentially the same facts caused Bown no harm. See Porter v. Nemir, 900 S.W.2d 376, 383
(Tex. App.--Austin 1995, no writ). We overrule Bown's third point of error.


CONCLUSION

We hold that the trial court acted within its discretion in dismissing Bown's case
for want of prosecution. We therefore affirm the trial court's judgment of dismissal.



J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: December 4, 1997

Do Not Publish



leged stipulation here was unclear and ambiguous at best. The trial
court could have reasonably decided that adopting the reading urged by Bown would have given
the stipulation more effect than the parties intended it to have. We overrule Bown's first point
of error.

Bown contends in her second point of error that the trial court erred in dismissing
for failure to prosecute because Bown had established good cause by her affidavit to retain the
case on the docket. Trial courts have the inherent power to dismiss cases for failure to prosecute
diligently. State v. Rotello, 671 S.W.2d 507, 508-09 (Tex. 1984). The dismissal of a case will
be overturned only upon a clear showing of an abuse of discretion. Id. at 509. A trial court
abuses its discretion when it acts in an unreasonable and arbitrary manner, or without reference
to any guiding rules or principles. Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex.
1991); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert.
denied, 476 U.S. 1159 (1986). This Court may not reverse for abuse of discretion merely because
we disagree with a decision of the trial court. Buller, 806 S.W.2d at 226; Downer, 701 S.W.2d
at 242. In the instant case, we conclude the trial court could reasonably decide that Bown did not
show good cause for the delay in prosecuting her case.

When deciding a motion to dismiss, the trial court may take into account the entire
history of the case. Rotello, 671 S.W.2d at 509. In determining whether the case should be
dismissed, the trial court may look at a variety of factors, including periods of activity or
inactivity, the reasons for the lack of action, and the amount of time that has passed. Ozuna v.
Southwest Bio-Clinical Lab., 766 S.W.2d 900, 902 (Tex. App.--San Antonio 1989, writ denied). 
No single factor is dispositive. Id.EM>Rotello, 671 S.W.2d at 509. In determining whether the case should be
dismissed, the trial court may look at a variety of factors, including periods of activity or
inactivity, the reasons for the lack of action, and the amount of time that has passed. Ozuna v.
Southwest Bio-Clinical Lab., 766 S.W.2d 900, 902 (Tex. App.--San Antonio 1989, writ denied). 
No single factor is dispositive. Id.GN="CENTER" WIDTH="26%">



Sarah Elizabeth Bown, Appellant



v.



Kirk Wilson, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 92-03748, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING 







Appellant Sarah Elizabeth Bown filed suit against appellee Kirk Wilson alleging
that Wilson had sexually molested her while she was a minor. Five years later, the trial court
notified Bown that the case would be dismissed for want of prosecution unless she acted to retain
the case on the docket. After Bown filed a motion to retain the case on the docket, Wilson moved
to dismiss the case. Following a hearing, the trial court dismissed Bown's suit with prejudice for
failure to prosecute. Bown challenges the dismissal in three points of error. In her first point,
she contends Wilson admitted liability by stipulating to an affidavit by Bown alleging sexual
abuse, thus leaving only the issue of damages to be decided. In her second point of error, she
argues that the trial court erred in dismissing the case because Bown had shown good cause to
retain the case on the docket. Bown's final point of error asserts that the refusal of the trial court
to allow Bown to present evidence at the dismissal hearing constituted a violation of due process. 
Concluding that the trial court acted within its discretion, we will affirm the dismissal.


FACTUAL AND PROCEDURAL BACKGROUND

Bown was Wilson's stepdaughter. Bown had emotional problems as a child, at one
point running away from home and living with strangers in Galveston until her family found her
through the use of a private investigator. Bown's emotional problems continued as she got older,
and she has been in therapy throughout much of her life. In the course of her therapy, it was
suggested that her problems stemmed from the sexual abuse she claims to have suffered as a child.

In early 1992, Bown, then approximately twenty years old, hired an attorney to
represent her in filing a lawsuit against her stepfather. Bown filed her original petition in the
District Court of Travis County on March 19, 1992, alleging that Wilson had sexually abused her
on several occasions when she was about eight years old. Wilson filed an answer denying all of
Bown's allegations. Bown took no action to further her claim for the next four years. In May
1996, Bown filed a notice of intention to take Wilson's deposition and requested a subpoena duces
tecum. Bown also sent a set of interrogatories to Wilson, who replied with answers and
objections. The deposition was apparently never taken, and the case again sat idle until February
7, 1997, when the Travis County District Court notified the parties that the case would be
dismissed for want of prosecution on March 26, 1997, unless a motion to retain was filed before
that date. On March 25, 1997, Bown filed a motion to retain the case on the docket. Wilson filed
an opposition to the motion to retain and, on April 14, 1997, filed a separate motion to dismiss
the case. Bown filed an opposition to Wilson's motion to dismiss, supported by her own affidavit. 
A hearing was held on May 2, 1997, after which the trial judge dismissed the case for failure to
prosecute.


DISCUSSION

In her first point of error, Bown contends the dismissal was erroneous because
Wilson admitted liability by orally stipulating to the facts contained in Bown's affidavit filed in
opposition to Wilson's motion to dismiss. In the affidavit, Bown states that she was sexually
abused by Wilson and suffered emotionally from this abuse, which required her to enter therapy. 
She further states that although she was previously emotionally unprepared to confront Wilson in
court, she now feels capable of going to trial. We do not agree with Bown that Wilson conceded
the facts alleged in the affidavit, thereby conceding the case as to liability and leaving only the
issue of damages to be tried.

It is difficult to tell from the record of the hearing exactly what the subject and
content of the stipulation were. Following a statement by the court that the court believed Bown's
counsel when he said Bown had emotional problems, counsel for Bown asked if the parties could
stipulate "that those are the facts." Counsel for Wilson responded by saying that he had not
objected to the affidavit in which Bown alleged sexual abuse and emotional injury. The next
mention of a stipulation followed statements by the court about Bown's history of therapy. 
Counsel for Bown asked if they could "stipulate that those are the facts in this case," with counsel
for Wilson replying that he had "no problem with that." Even assuming this last remark was
intended to be a stipulation as to Bown's history of emotional problems and resulting therapy, the
record does not reflect that the agreement went beyond those narrow facts. At no point did
Wilson's attorney concede liability, nor did he stipulate or agree to the truth of all the statements
made in the affidavit.

A stipulation can be one in which the parties agree on the truth of specific facts,
or it may be an agreement only that an item is admissible as evidence, without agreement as to
its truthfulness. Austin v. Austin, 603 S.W.2d 204, 206 (Tex. 1980). Bown argues that Wilson
stipulated to the truth of all the statements contained within the affidavit. It is equally plausible,
however, that Wilson's attorney was only stipulating to the admissibility of the affidavit as
evidence, with no agreement to its truthfulness, or that he was only agreeing to the truthfulness
of a portion of it. A court may not give an agreement greater effect than was intended by the
parties, nor construe a stipulation as an admission of a fact intended to be controverted. Id. at
207. In the present case, the trial court could have reasonably decided that, after having denied
Bown's allegations and moved to dismiss Bown's suit, Wilson would not have gone on to admit
the truth of the claims that are the basis of the lawsuit. Finding that Wilson had stipulated to the
truth of the allegations would be construing the stipulation as an admission of a fact that Wilson
clearly intended to controvert and thus would be giving the agreement more effect than it appears
Wilson or his counsel intended it to have. An unclear or ambiguous trial stipulation may be
disregarded by the court. Shepherd v. Ledford, 926 S.W.2d 405, 410 (Tex. App.--Fort Worth
1996, writ granted); Mann v. Fender, 587 S.W.2d 188, 202 (Tex. Civ. App.--Waco 1979, writ
ref'd n.r.e.). We think the alleged stipulation here was unclear and ambiguous at best. The trial
court could have reasonably decided that adopting the reading urged by Bown would have given
the stipulation more effect than the parties intended it to have. We overrule Bown's first point
of error.

Bown contends in her second point of error that the trial court erred in dismissing
for failure to prosecute because Bown had established good cause by her affidavit to retain the
case on the docket. Trial courts have the inherent power to dismiss cases for failure to prosecute
diligently. State v. Rotello, 671 S.W.2d 507, 508-09 (Tex. 1984). The dismissal of a case will
be overturned only upon a clear showing of an abuse of discretion. Id. at 509. A trial court
abuses its discretion when it acts in an unreasonable and arbitrary manner, or without reference
to any guiding rules or principles. Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex.
1991); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert.
denied, 476 U.S. 1159 (1986). This Court may not reverse for abuse of discretion merely because
we disagree with a decision of the trial court. Buller, 806 S.W.2d at 226; Downer, 701 S.W.2d
at 242. In the instant case, we conclude the trial court could reasonably decide that Bown did not
show good cause for the delay in prosecuting her case.

When deciding a motion to dismiss, the trial court may take into account the entire
history of the case. Rotello, 671 S.W.2d at 509. In determining whether the case should be
dismissed, the trial court may look at a variety of factors, including periods of activity or
inactivity, the reasons for the lack of action, and the amount of time that has passed. Ozuna v.
Southwest Bio-Clinical Lab., 766 S.W.2d 900, 902 (Tex. App.--San Antonio 1989, writ denied). 
No single factor is dispositive. Id. The Texas Supreme Court has promulgated a rule that civil
jury cases should be brought to trial within eighteen months. See Tex. R. Judicial Admin. 6(a). 
Although this rule is not mandatory, it does provide a guideline for trial judges to use in dealing
with cases that are not prosecuted diligently.

Bown's case was on file for five years before being dismissed. During that time,
Bown made almost no effort to prosecute the suit. Bown's primary excuse for the lack of activity
was that she had not been emotionally capable of facing Wilson in court, and her attorney
expressed the view at the hearing that they had not wanted to pursue the case until Bown was
emotionally stronger. The trial judge pointed out that Bown could have set the case for trial and
then moved for a continuance if she was unable to withstand the psychological stress; in addition,
there were numerous steps Bown could have taken to keep the case active without confronting
Wilson. This case was on the docket for five years with the plaintiff taking virtually no action
to bring it to a conclusion. We conclude that the trial judge acted within her discretion in
dismissing the case for want of prosecution, and we therefore overrule Bown's second point of
error.

In her final point of error, Bown claims the trial court denied her due process by
refusing to allow her to present evidence at the dismissal hearing. The evidence Bown sought to
admit was apparently the testimony of her mother, who would have supported statements made
in Bown's affidavit. Assuming arguendo that Bown had a due process right to present evidence
at the dismissal hearing, we still do not find that she was denied due process. The evidence Bown
sought to admit would have been substantially the same as that contained in her affidavit, which
was filed in the case and considered by the court. Because the evidence that she had suffered
emotional problems and had received therapy for those problems was already before the court by
way of the affidavit, the trial court's decision not to allow Bown to introduce further evidence of
essentially the same facts caused Bown no harm. See Porter v. Nemir, 900 S.W.2d 376, 383
(Tex. App.--Austin 1995, no writ). We overrule Bown's third point of error.


CONCLUSION

We hold that the trial court acted within its discretion in dismissing Bown's case
for want of prosecution. We therefore affirm the trial court's judgment of dismissal.



J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: December 4, 1997

Do Not Publish



leged stipulation here was unclear and ambiguous at best. The trial
court could have reasonably decided that adopting the reading urged by Bown would have given
the stipulation more effect than the parties intended it to have. We overrule Bown's first point
of error.

Bown contends in her second point of error that the trial court erred in dismissing
for failure to prosecute because Bown had established good cause by her affidavit to retain the
case on the docket. Trial courts have the inherent power to dismiss cases for failure to prosecute
diligently. State v. Rotello, 671 S.W.2d 507, 508-09 (Tex. 1984). The dismissal of a case will
be overturned only upon a clear showing of an abuse of discretion. Id. at 509. A trial court
abuses its discretion when it acts in an unreasonable and arbitrary manner, or without reference
to any guiding rules or principles. Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex.
1991); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert.
denied, 476 U.S. 1159 (1986). This Court may not reverse for abuse of discretion merely because
we disagree with a decision of the trial court. Buller, 806 S.W.2d at 226; Downer, 701 S.W.2d
at 242. In the instant case, we conclude the trial court could reasonably decide that Bown did not
show good cause for the delay in prosecuting her case.

When deciding a motion to dismiss, the trial court may take into account the entire
history of the case. Rotello, 671 S.W.2d at 509. In determining whether the case should be
dismissed, the trial court may look at a variety of factors, including periods of activity or
inactivity, the reasons for the lack of action, and the amount of time that has passed. Ozuna v.
Southwest Bio-Clinical Lab., 766 S.W.2d 900, 902 (Tex. App.--San Antonio 1989, writ denied). 
No single factor is dispositive. Id.umption respecting the assessment made by the Commissioner, or that this stipulation fails to establish any fact necessary to a decision, the case shall be reopened for the taking of further proofs in respect thereof." Appellant in its petition for *510 rehearing before the Supreme Court of California relied on that part of the stipulation in urging that the cause be remanded for a further hearing since that Court concluded that "appellant has not furnished any explanation of why its California business differs so from the average that the formula produced an erroneous result." The petition for rehearing was denied. Appellant now asserts that it has been denied procedural due process under the rule of Saunders v. Shaw, 244 U.S. 317. We do not agree. The Supreme Court of California created no innovation and sprung no surprise when it placed on appellant the burden of establishing that the formula taxed extraterritorial values. As we have noted, that is settled doctrine. Appellant had a full opportunity to be heard on the issues which it tendered.
Affirmed.

Butler Brothers v. McColgan
Published
6ffe1077b3a82d2bd6e1b3ebec09997f5b483025
Supreme Court of the United States
SCOTUS
scotus
Douglas

315 U.S. 501, 283315 U.S. 501Precedential1942-03-02T. App.--San Antonio 1989, writ denied). 
No single factor is dispositive. Id.