NO. 07-04-0462-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 13, 2006

_____


IN THE MATTER OF THE MARRIAGE OF
SANDRA GRANT BRADLEY AND CLAYTON ALLEN BRADLEY, JR.
AND IN THE INTEREST OF
RACHAEL MARIE BRADLEY, A MINOR CHILD

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-523,072; HONORABLE CECIL PURYEAR, JUDGE

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**


Clayton Allen Bradley presents this appeal from a final decree of divorce. Presenting only one issue, Clayton contends the evidence is legally and factually insufficient to support the decree of divorce, and relying on Austin v. Austin, 603 S.W.2d 204 (Tex. 1980), questions whether allowing conclusory testimony stated in ultimate terms in a divorce case remains valid evidence in support of a divorce. We affirm.

Alleging grounds that the marriage had become insupportable because of discord or conflict of personalities between the parties as provided by section 6.001 of the Texas Family Code, Sandra filed suit seeking a divorce and other relief. By his counter-petition, Clayton also alleged the marriage had become insupportable because of discord or conflict of personalities between the parties that destroyed the legitimate ends of the marital relationship and prevented any reasonable expectation of reconciliation. Following rendition of the decree and after the request of Clayton's substituted counsel, the trial court signed and filed findings of fact and conclusions of law. Among other findings of fact, the trial court found:

> 3. The marriage of Petitioner and Respondent has become insupportable because of discord or conflict of personalities that destroys the legitimate ends of the marital relationship and prevents any reasonable expectation of reconciliation.

## Standard of Review

Findings of fact in a bench trial have the same force as a jury's verdict upon jury questions. City of Clute v. City of Lake Jackson, 559 S.W.2d 391, 395 (Tex.Civ.App.--Houston [14th Dist.] 1977, writ ref'd n.r.e.). However, the findings are not conclusive when a complete statement of facts appears in the record if the contrary is established as a matter of law or if there is no evidence to support the findings. Middleton v. Kawasaki Steel Corp., 687 S.W.2d 42, 44 (Tex.App.--Houston [14th Dist.] 1985), *writ ref'd n.r.e.*, 699 S.W.2d 199 (Tex. 1985) (per curiam). Findings of fact are reviewable for factual and legal

sufficiency under the same standards that are applied in reviewing evidence supporting a jury's answer. Zieben v. Platt, 786 S.W.2d 797, 799 (Tex.App.--Houston [14th Dist.] 1990, no writ); *see also* W. Wendell Hall, *Revisiting Standards of Review in Civil Appeals*, 24 ST. MARY'S L.J. 1045, 1145 (1993).

Our review of trial court conclusions of law is *de novo.* In re Humphreys, 880 S.W.2d 402, 403 (Tex. 1994), *cert. denied*, 513 U.S. 964, 115 S. Ct. 427, 130 L. Ed. 2d 340 (1994). However, as noted above, although findings of fact are reviewable for legal and factual sufficiency, an attack on the sufficiency of the evidence must be directed at specific findings of fact rather than at the judgment as a whole. In re M.W., 959 S.W.2d 661, 664 (Tex.App. --Tyler 1997, writ denied).

By his only issue, Clayton questions the legal and factual sufficiency of the evidence to support the decree of divorce. Among other things, Clayton erroneously contends that because his counter-petition seeking a divorce was not introduced into evidence, his pleading cannot be considered as evidence for purposes of this analysis. In Kirk v. Head, 137 Tex. 44, 152 S.W.2d 726, 729 (1941), the Court held that pleadings in a case are to be regarded as judicial admissions, rather than just ordinary admissions. Then, addressing the same matter, in Houston First American Sav. v. Musick, 650 S.W.2d 764, 767 (Tex. 1983), the Court held:

3

> Assertions of fact, not pled in the alternative, in the live pleadings of a party are regarded as formal judicial admissions. Any fact admitted is conclusively established in the case without the introduction of the pleadings or presentation of other evidence.

*See also* In re Whitfield, 115 S.W.3d 753, 756 (Tex.App.--Beaumont 2003, no pet.); Tx. Far West Ltd. v. Texas Investments Management, Inc., 127 S.W.3d 295, 307 (Tex.App.--Austin 2004, no pet.). Because the grounds for divorce were conclusively established in the case by Clayton's counter-petition, additional review of the record and analysis is rendered unnecessary. Clayton's sole issue is overruled.

Accordingly, the trial court's judgment is affirmed.


Don H. Reavis
Justice