Opinion issued
June 7, 2012

 



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-12-00255-CV

———————————

RAJ KAMAR VATS, Appellant

V.

SMRITA
VATS,
Appellee



 



 

On Appeal from the 311th
District Court

Harris County, Texas



Trial Court Case No. 2007–22213

 



 

 

 

 

 

MEMORANDUM
OPINION

          Raj
Kamar Vats challenges the trial court’s order rendered
in a post-divorce proceeding to enforce the decree.[1]  In two issues, Raj asserts (1) the trial
court’s order improperly modifies the divorce decree and (2) the trial court
did not have subject matter jurisdiction to render the order.  

          We
affirm.

Background Summary

          Raj Kumar Vats (“Raj”) and Smrita Vats (“Smrita”) were
divorced in 2008.  The trial court signed
the Agreed Final Decree of Divorce (“the decree”) on June 27, 2008.  The decree awarded, to each spouse, a 50
percent interest in two parcels of real property located in India.  The language of the decree makes clear that
it was the intent of the parties that the two pieces of real property would be
sold.  In this regard, the decree
provides, in relevant part, as follows:

          Agreement as to the Sale of Certain
Property in India

The Court finds the parties have agreed to the following
terms regarding the sale of property owned by the parties in India, and adopts
the agreement as the ORDER of this Court as follows:

 

1.       The parties
shall not make duplicate originals of any document for the purpose of
obstructing the sale of the property or to remove assets from the jurisdiction
of the court in violation of the agreement or the divorce decree which will be
issued by this court.

 

2.       Mrs. Vats
will name Anil Verma or a successor to sell property,
as her agent.  Mr. Vats will name Col. Manmohan Sindhi (ret’d) as his
agent or a successor to sell property in India, at the highest reasonable
price.  The agents for the parties will
split the commission or compensation resulting from their sale of the India
property.  The parties are ordered to
exchange addresses and phone numbers within five days (7-2-08) [with] the other
attorneys.

 

3.       The parties
are enjoined from hindering the sale of the India property whether actively or
passively and whether directly or by agent. 
The parties will make good faith effort to sell the property.

 

. . . .

9.       The real
estate agents in India shall be ordered to sell [and], after the sale of the
land, instruct the purchaser to write two separate checks.  50% of the proceeds shall be awarded to Mr.
Raj Kumar Vats.  50% of the proceeds
shall be awarded to Ms. Smrita Vats within 10 days of
sale.

 

(Emphasis added.)

          On February 2, 2011, Smrita filed her “Second Amended Petition for Enforcement
of Property Division by Contempt for Clarification and for Disposition of
Property.”  Among her allegations, Smrita asserted that Raj “ha[d] failed to make a good faith
effort to sell the property in violation” of the decree and “has made every
effort to impede the sale of the property.” 
She claimed that Raj had “instructed his agent not to cooperate with
[her] agent in selling the property and [Raj] has continually impeded such
attempts to sell the property.”  

          In support of the petition, Smrita attached a copy of an opinion letter written by an
Indian attorney.  Smrita
had retained the attorney to opine regarding “the means of implementation and
enforcement of the final decree of divorce” with respect to the sale of the two
Indian properties.  

          In the letter, Indian counsel stated
that a foreign judgment is enforceable in India if it is issued by a court in a
“reciprocating territory.”  The attorney
stated that under Indian law, the United States is not a “reciprocating
territory,” as defined in the Indian Code of Civil Procedure.

          The attorney informed Smrita that a non-reciprocating territory’s judgment can be
enforced in India by filing a lawsuit in an Indian court.  The attorney advised that, in the Indian
suit, the foreign judgment would be considered “as evidentiary.”  He stated that a party has three years from
the date of the foreign judgment to file the suit in Indian court.  The attorney also informed Smrita that because the Indian courts are overburdened, it
generally takes six to ten years to obtain a decree in India.  The attorney also informed Smrita that the property could not be partitioned.  

          The Indian attorney suggested that Smrita ask the Texas trial court to order the parties to
sell the property within 90 days.  If
that did not work, he suggested that Smrita file suit
in India to enforce the judgment.  He
knew of no other alternative.  

          Smrita asked
the trial court to request and to authorize the Indian court “to appoint a receiver
in India to take control of the properties . . . and to sell or auction such
properties and proceed to closing and to distribute the proceeds in accordance
with the terms of the Final Decree of Divorce.” 
Smrita represented that the Indian court would
honor a request from the trial court should the parties’ agents fail to sell
the properties in 90 days.

          The trial court signed an order
entitled “Order on Smrita Vats’ Request for
Appropriate Orders for Disposition of Property” (“the order”) on July 11,
2011.  The order provides in relevant
part as follows:

IT IS ORDERED that SMRITA VATS’ Request for Appropriate
Orders for Disposition of Property is hereby GRANTED.

 

IT IS THEREFORE ORDERED that the Civil Court in Gurgaon
and Rohini, India and/or any other court of competent
jurisdiction in India are hereby requested and authorized to order the parties
to direct their agents to sell the below described properties within 90 days of
receipt of this Order and failing to so sell, to appoint a Receiver in India to
take possession and control of the properties and to sell or auction such
properties and proceed to closing:

 

A. DLF Qutab Enclave; plot of
land 855 square meters (1022 square yards) GM17, DFL Complex, Phase 2, Gurgaon,
Haryana, India

 

B. Plot 582, Pocket I, Block A,
sector 29, 60 square meters, MIG Category Delhi Development Authority, New
Delhi, India

 

IT IS ORDERED that, upon disposition, the proceeds should
be distributed equally between the Petitioner and the Respondent in accordance
with the terms of the Final Decree of Divorce.

 

          Raj now appeals the order, raising two
issues.[2]  Raj requests that we reverse the order and
declare it “void ab initio.” 

Enforcement of Decree

          In his first issue, Raj asserts, “The
order is beyond the lawful authority of the court in that it results in an inappropriate
and unauthorized modification of the underlying decree of divorce.”

A.      Relevant Legal Principles

          The court that renders a divorce decree
retains the power to enforce the property division.  Tex.
Fam. Code Ann. § 9.002 (Vernon 2006); see Pearson v. Fillingim, 332 S.W.3d 361, 363 (Tex. 2011); In re Provine,
312 S.W.3d 824, 829 (Tex. App.—Houston [1st Dist.] 2009,
orig. proceeding).  Family Code section
9.006, entitled Enforcement of Division of Property, provides that “the court
may render further orders to enforce the division of property made in the
decree of divorce . . . to assist in the implementation of or to clarify the
prior order.”  Tex. Fam. Code Ann. § 9.006(a) (Vernon 2006).  The court also “may specify more precisely the
manner of effecting the property division previously made if the substantive
division of property is not altered or changed.”  Id.
§ 9.006(b); see Dechon
v. Dechon, 909 S.W.2d 950, 956 (Tex. App.—El Paso
1995, no writ).

          Section 9.007, entitled Limitation on
Power of Court to Enforce, limits the trial court’s authority, in relevant
part, as follows:

(a) A court may not amend, modify, alter, or change the
division of property made or approved in the decree of divorce.  An order to enforce the division is limited to
an order to assist in the implementation of or to clarify the prior order and
may not alter or change the substantive division of property.

 

(b) An order under this section that amends, modifies,
alters, or changes the actual, substantive division of property made or
approved in a final decree of divorce . . . is beyond the power of the divorce
court and is unenforceable.

 

Tex. Fam. Code Ann. §
9.007(a), (b) (Vernon 2006).  

          We consider a trial court’s order of
enforcement under an abuse of discretion standard.  Gainous v. Gainous, 219 S.W.3d 97, 103 (Tex. App.—Houston [1st Dist.] 2006,
pet. denied); see Garcia v. Alvarez, No.
14–11–00089–CV, 2012 WL 1232009, at *2 (Tex. App.—Houston [14th Dist.] Apr. 12, 2012 no pet. h.).  A trial court abuses its discretion if
it acts without reference to any guiding rules and principles or acts
arbitrarily or unreasonably.  See Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241–42
(Tex. 1985).  We have previously noted
that “[t]he Texas Legislature confers upon the trial court wide discretion in
the enforcement of property divisions subsequent to a decree of divorce.”  Dade v. Dade, No. 01–05–00912–CV, 2007 WL 1153053, at *1 (Tex. App.—Houston [1st Dist.]
Apr. 19, 2007, no pet.) (mem. op.).

B.      Analysis

          In support of his first issue, Raj
argues that the trial court’s order is improper because “the trial court has
purported to order the parties to engage the jurisdiction of a foreign court
and cause that court to take specific action to enforce its own order.”  Raj contends that “[s]uch
a directive cannot even remotely be argued as something contemplated or allowed
under the Decree of Divorce and is clearly a substantial modification of that
decree.”  Raj further asserts, 

In addition to attempting to compel the court of a
foreign jurisdiction to take some fashion of judicial action, the trial court
purports to have the authority to cause the appointment of a receiver in
another country.  None of those
directives are in any fashion contained within the terms of the party’s decree
of divorce nor is there any section of the Texas Family Code that would invest
a Texas court with that type of judicial power. 
The action of the trial court constitutes an abuse of the trial court’s
discretion and should be declared void and of no force and effect.

 

          We disagree
with Raj’s
characterization of the trial court’s order. 
The order does not “order the parties to engage the jurisdiction of a
foreign court and cause that court to take specific action to enforce its own
order,” as Raj claims.  Nor does the
order direct the Indian court to appoint a receiver.  Instead, the order is permissive in
nature.  It states that the Indian court
is “requested and authorized” to order the parties to sell the properties.  It orders neither the Indian court nor the
parties to take action.  When read in
conjunction with the opinion letter of the Indian attorney and Smrita’s petition for enforcement, the order seeks to
expedite a ruling by the Indian court—should Smrita
file suit there to enforce the agreed decree—without requiring her to wait
the six to ten years that it usually takes to obtain a judgment in India.  

          Raj’s assertion that the order is a “substantial
modification” of the decree is also incorrect. 
The language of the decree makes clear that sale of the real property in
India was intended by the parties.  As
mentioned, a court may specify more precisely the manner of effecting the
property division previously made if the substantive division of property is
not altered or changed.  Tex. Fam. Code Ann. § 9.006(b).  

          Here, the order does not change or
alter the substantive division of property. 
Nor have the liabilities or the duties of the parties been changed by
the order.  Rather, the order specifies a
more precise manner of effecting the property division set forth in the decree.  See id; cf. Tugman v. Tugman, No. 13–08–194–CV, 2008 WL 2151451, at *4
(Tex. App.—Corpus Christi May 22, 2008, no pet.) (mem. op.) (concluding that order
appointing a receiver did not amend, modify, or alter the divorce decree’s property division
but “simply specifies the precise manner of carrying out the property division
previously ordered, i.e., the sale of the property”).  In other words, the order serves
to facilitate and to assist in the implementation of the decree’s provisions pertaining
to the sale of the property, which is a permissible purpose.  See Tex. Fam. Code Ann. § 9.007(a); see also McLaurin
v. McLaurin, 968 S.W.2d 947, 949–50 (Tex. App.—Texarkana
1998, no pet.) (concluding that order merely changing mode of payment due to
spouse did not change duties or liabilities under the agreed judgment, but
merely changed source of agreed payments; thus, it was a permissible order to
assist in the implementation of the prior order as allowed by section 9.007(a)).  

          In sum, Raj’s arguments offered in
support of his first issue do not demonstrate that the trial court abused its
discretion in rendering the order. 
Accordingly, we overrule Raj’s first issue.

Jurisdiction
over Property

          In his second issue, Raj contends that
“the order is beyond the lawful authority of the court in that the Texas trial
court has no subject matter jurisdiction over the property in question or the
independent judicial tribunal of a foreign country.”  

          To support this issue, Raj reiterates
the arguments he asserts in support of his first issue.  In addition, he contends that the trial court
“has no subject matter jurisdiction over either the real property in a foreign
country or the independent judicial tribunal of a foreign country.”  

          Although a trial court does not have
in rem jurisdiction over property outside Texas, “[t]here is ample authority
for the proposition that a trial court may require parties over whom it has in personam jurisdiction to execute a conveyance of real
estate located in another state.”  Dankowski v. Dankowski,
922 S.W.2d 298, 303 (Tex. App.—Fort Worth 1996, writ
denied); see also Griffith v. Griffith,
341 S.W.3d 43, 57 (Tex. App.—San Antonio 2011, no pet.) (holding
that trial court had jurisdiction to divide community property situated in
Florida); Franyutti v. Franyutti,
No. 04–02–00786–CV, 2003 WL 22656879, at *5
(Tex. App.—San Antonio Nov. 12, 2003, no pet.) (affirming divorce
decree in which trial court order conveyance of real property in Mexico); In re Glaze, 605 S.W.2d 721, 724 (Tex.
Civ. App.—Amarillo 1980, no writ) (explaining that while a Texas
court does not have, and cannot acquire, in rem jurisdiction over real estate
lying outside Texas, it can, if it has personal jurisdiction over the
nonresident, order one party to execute a conveyance of the out-of-state
property to the other party).

          In any event, the language of the order
does not indicate that the trial court is asserting in rem jurisdiction over
the Indian property, nor is it asserting jurisdiction over the Indian
court.  As discussed, the order serves to
facilitate and to assist in the implementation of the decree’s provisions pertaining
to the sale of the property and to effect the property division.  In short, Raj’s arguments in support of his second
issue are without merit.  Accordingly, we
overrule Raj’s second issue.

Conclusion

          We affirm the “Order on Smrita Vats’ Request for Appropriate Orders for Disposition
of Property,” signed by the trial court on July 11, 2011. 

 

 

 

                                                                      Laura
Carter Higley

                                                                      Justice


 

Panel consists of Justices
Higley, Sharp, and Huddle.











[1]         It is not disputed that the order signed
by the trial court in this case is a final and appealable order.  See
Allen v. Allen, 717 S.W.2d 311, 312–13
(Tex. 1986) (holding post-judgment order disposing of all matters placed before
trial court in post-judgment motion is final and appealable); Reynolds v. Reynolds, 860 S.W.2d 568,
570 (Tex. App.—Dallas
1993, writ denied) (providing that post-judgment orders in aid and
clarification of divorce decrees are appealable, provided they are final
orders).  Moreover, section 9.001 of the
Family Code permits a party to file a suit to enforce a divorce decree and
provides that “the proceedings shall be as in civil cases generally.”  Tex. Fam. Code Ann. § 9.001 (Vernon 2006).
 Because the proceedings are “as in civil
cases generally,” the trial court’s order enforcing the divorce decree is
appealable.  See Christensen v. Christensen, No. 04–03–00095–CV, 2003 WL 22897120, at
*1 (Tex. App.—San Antonio Dec. 10, 2003, pet. denied) (mem.
op.) (concluding order enforcing divorce decree was appealable); see, e.g., Dechon v.
Dechon, 909 S.W.2d 950 (Tex. App.—El Paso 1995, no writ) (involving
appeal of 1993 order in action seeking enforcement of property settlement
agreement in 1971 divorce decree); Gonzales
v. Gonzales, 728 S.W.2d 446 (Tex. App.—San Antonio 1987, no writ) (concerning appeal of
1985 order in action seeking enforcement of 1975 divorce decree).





[2]         Raj also challenged the order in a
petition for writ of mandamus, which this Court denied.  In re Vats, No. 01–11–00602–CV, 2011 WL 2923880, at
*1 (Tex. App.—Houston [1st Dist.] July 21, 2011, orig. proceeding) (mem. op.).