Daisy Janie OZUNA, Appellant,

v.

**SOUTHWEST BIO–CLINICAL LABORATORIES, Appellee.**

No. 04–88–00184–CV.

Court of Appeals of Texas, San Antonio.

March 22, 1989.

Patrick J. Stolmeier, San Antonio, for appellant.

Mitchell S. Rosenheim, Sabrina Arellano, Stephan B. Rogers, Donald R. Taylor, San Antonio, for appellee.

Before CADENA, C.J., and REEVES and PEEPLES, JJ.

## ON APPELLANT'S MOTION FOR REHEARING

PEEPLES, Justice.

Plaintiff's motion for rehearing is overruled. The following opinion replaces our previous opinion of February 22, 1989, which is withdrawn.

Plaintiff Daisy Ozuna appeals from an order dismissing her lawsuit for want of prosecution. She contends that the dismissal was an abuse of discretion and that any failure to litigate her case with due diligence was caused by her previous attorneys, whom she had discharged. We hold that the trial court acted within its discretion and that the judgment must be affirmed.

In April of 1985, plaintiff filed this suit against her former employer, Southwest Bio-Clinical Laboratories, alleging that it wrongfully fired her for filing a workers' compensation claim. During the next year—through May of 1986—she sought the production of documents, amended her pleadings twice, took three depositions, and obtained a May 1986 trial setting. It is undisputed that the case was never called for trial, but the parties disagree about the reasons why. From June 1986 until January 1988, when the case was dismissed for want of prosecution, plaintiff took no action to prosecute the case except to file her Third Amended Petition, which merely reflected her new attorney's address and phone number and otherwise repeated her Second Amended Petition verbatim. She also filed a grievance against her previous attorneys.

■ Trial courts possess inherent and express power to dismiss cases that have not been prosecuted with due diligence. *State v. Rotello,* 671 S.W.2d 507, 508–509 (Tex.1984); *Rizk v. Mayad,* 603 S.W.2d 773, 776 (Tex.1980); *Veterans' Land Board v. Williams,* 543 S.W.2d 89, 90 (Tex.1976); TEX.R.CIV.P. 165a. Rule 165a(1) clearly empowers courts to dismiss for failure to appear at a trial or hearing. Section two of the same rule authorizes courts to schedule for dismissal cases that have not been disposed of within the Supreme Court's time standards. Section four makes plain that courts retain their inherent power to dismiss for want of prosecution, and that the various kinds of dismissals (for failure to appear at a trial or hearing, failure to meet time standards, and lack of diligence) are cumulative and independent. *Veterans' Land Board v. Williams,* 543 S.W.2d at 90; TEX.R.CIV.P. 165a(4).

It is undisputed that plaintiff's counsel had notice that her case was set on the January 8 dismissal docket. The court's order, signed on January 12, 1988, recited that plaintiff "failed to appear in person or by attorney, or make any announcement," and that the cause was dismissed for want of prosecution. Because the record does not contain findings of fact and conclusions of law, and no request for findings was presented to the trial court, we must affirm on the basis of any legal theory supported by the record. *Point Lookout West, Inc. v. Whorton,* 742 S.W.2d 277, 278–79 (Tex. 1987); *In the Interest of W.E.R.,* 669 S.W. 2d 716, 717 (Tex.1984). The purpose of the dismissal docket was to review the diligence with which cases had been prosecuted, and that subject was thoroughly explored. The notice of setting clearly warned, "If no announcement is made, this case will be dismissed for want of prosecution." Under these circumstances, we interpret this order as dismissing plaintiff's lawsuit on two separate and independent grounds: (1) failure to appear at the dismissal hearing, and (2) failure to litigate the case to a conclusion with due diligence.

Plaintiff argues that her attorney did in fact appear at the dismissal docket, and that the court's recital to the contrary is incorrect. The dismissal hearing was not reported, but statements by the court and defense counsel at a subsequent reinstatement hearing suggest that she is correct. Because the record is unclear on this point, we rest our decision on the ruling that she did not prosecute her case with diligence, and not on the finding that she failed to appear at the dismissal hearing.

■ Whether the plaintiff prosecuted the case with diligence is an issue committed to the trial court's sound discretion.

*State v. Rotello,* 671 S.W.2d 507, 509 (Tex. 1984); *Dolenz v. Continental National Bank,* 620 S.W.2d 572, 575–76 (Tex.1981); *Veterans' Land Board v. Williams,* 543 S.W.2d at 90. In resolving the question of due diligence, the court may consider the entire history of the litigation, *State v. Rotello,* 671 S.W.2d at 509, and ordinarily no single factor is dispositive. Whether the plaintiff actually intended to abandon the lawsuit is not the inquiry. *Bevil v. Johnson,* 157 Tex. 621, 626, 307 S.W.2d 85, 88 (1957); *Pollok v. McMullen Oil & Royalty Co.,* 383 S.W.2d 837, 838 (Tex.Civ.App. —San Antonio 1964, writ ref'd); *Gaebler v. Harris,* 625 S.W.2d 5, 6–7 (Tex.Civ.App.— San Antonio 1981, writ ref'd n.r.e.). Nor is the existence of a belated trial setting or an asserted eagerness to proceed to trial conclusive. *Moore v. Armour & Co.,* 748 S.W. 2d 327, 331 (Tex.App.—Amarillo 1988, no writ); *Johnson v. J.W. Construction Co.,* 717 S.W.2d 464, 467 (Tex.App.—Fort Worth 1986, no writ); *Coven v. Heatley,* 715 S.W. 2d 739, 741 (Tex.App.—Austin 1986, writ ref'd n.r.e.). These and other circumstances may be considered, such as periods of activity, intervals of inactivity, reasons for lack of attention, and the passage of time. We cannot reverse unless the trial court clearly abused its discretion. *State v. Rotello,* 671 S.W.2d at 509; *Veterans' Land Board v. Williams,* 543 S.W.2d at 90.

■ Plaintiff attributes the 19–month period of inactivity—from June 1986 through December 1987—to the refusal of her previous law firm, Weir and Alvarado, to relinquish the originals of unspecified documents to her present attorney, who contends he could not safely go to trial with photocopies alone. But plaintiff did not seek the aid of any court by filing a Request for Production or requesting a subpoena duces tecum. *See* TEX.R.CIV.P. 167(5), 201. Instead she filed a grievance in October of 1987, which has not yet been resolved. Nor has she explained why photocopies would not have been admissible under TEX.R.CIV.EVID. 1003. Under

these circumstances, the trial judge was well within his discretion in finding a lack of diligence.

Citing a letter from the defense attorney, plaintiff argues that defendant unilaterally delayed the May 1986 trial setting by having the case placed on hold. That letter, however, refers to *"our agreement* that if discovery cannot be completed by the time this case is called for trial, *we* will place this case on hold." (emphasis added). Nothing in the record shows that plaintiff disputed the existence of such an agreement or that she ever asked the jury assignment clerk to schedule a setting during the next one and one-half years.[1]

After the case had been dismissed in January 1988, the court heard and overruled plaintiff's motion to reinstate the case, which urged that (1) she was ready for trial, (2) the case, though set for trial, had not been reached through no fault of her own, and (3) any delay was the fault of Weir and Alvarado, who would not give up the original papers. Plaintiff relies on the following provisions of TEX.R.CIV.P. 165a:

3. **Reinstatement**....

The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained....

4. **Cumulative Remedies.** This dismissal and reinstatement procedure shall be cumulative of the rules and laws governing any other procedures available to the parties in such cases. The same reinstatement procedures and timetable are applicable to all dismissals for want of prosecution including cases which are dismissed pursuant to the court's inherent power, whether or not a motion to dismiss has been filed.

According to plaintiff, the quoted language *requires* trial courts to reinstate cases that have been dismissed for lack of diligent

---

1. Concerning the trial setting, both parties cite provisions of the local rules of Bexar County. We find no violation of those rules, but in any event they do not apply to this January 1988 dismissal, having been adopted by the local courts in April 1988 and approved by the Supreme Court in September 1988 pursuant to TEX.R.CIV.P. 3a(2).

prosecution whenever the plaintiff shows that such lack of diligence was not intentional or consciously indifferent, but the result of an accident or mistake. Such a reading of the rule would emasculate the court's inherent and longstanding power—expressly preserved in subsection 4—to dismiss cases that have simply languished through neglect. We believe the words "the failure" in section three refer to a party's "failure to appear," which is treated at length in section one,[2] and not to a party's failure to prosecute a case with diligence. The terms used in section three—"intentional," "conscious indifference," "accident," and "mistake"—are more applicable to failure to appear in court than to failure to prosecute a lawsuit diligently to a prompt conclusion.

■ Subsection four simply says that the Rule 165a *timetable* and *procedure* for seeking reinstatement apply to dismissals for failure to appear and for lack of diligence alike; it does not set a new *standard* for exercising the inherent power to dismiss for want of diligent prosecution and for persevering in that dismissal when a motion to reinstate or reconsider is filed. We hold that Rule 165a(3)'s reinstatement provision, quoted above, applies only to dismissals for failure to appear at a trial or other hearing. By contrast, when a court has dismissed a case for want of diligent prosecution, the quoted portion of Rule 165a(3) does not apply, and the court need not reinstate the case upon a mere showing that the lack of prosecution was not intentional but the result of accident or mistake. Our construction of Rule 165a is consistent with previous decisions on this point. *See Moore v. Armour & Co.*, 748 S.W.2d at 331; *Speck v. Ford Motor Co.*, 709 S.W.2d 273, 275 (Tex.App.—Houston [14th Dist.] 1986, no writ); *cf. Knight v. Trent*, 739 S.W.2d 116, 120 (Tex.App.—San Antonio 1987, no writ) (proof that failure to appear

at dismissal hearing was not intentional or result of conscious indifference does not discharge burden of explaining failure to prosecute case with reasonable diligence).

The judgment is affirmed.

---

2. Section one of the rule begins as follows:
   1. **Failure to Appear.** A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice.

TEX.REV.CIV.STAT.ANN. art. 165a. Prior to January 1, 1988, the sentence quoted above continued with the words, "or on failure of the party or his attorney to request a hearing or take other action specified by the court within fifteen days after the mailing of notice of the court's intention to dismiss the case for want of prosecution."