cv6-114.dd.haljohn 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00114-CV







Linda Thomas, Appellant




v.




Haljohn, Inc. d/b/a McDonald's; McDonald's Corporation; 


and The McDonald's Restaurant at 109 Rancier, Killeen, Texas, Appellees








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. 95-11963, HONORABLE F. SCOTT McCOWN, JUDGE PRESIDING








PER CURIAM


 Linda Thomas appeals the dismissal for want of prosecution of her suit against
Haljohn, Inc. d/b/a McDonald's; McDonald's Corporation; and The McDonald's Restaurant at
109 Rancier, Killeen, Texas. The trial court stated in its order that it dismissed Thomas's lawsuit
because she had not prosecuted her claims with due diligence and because the action had not been
disposed of within the time standards promulgated by the Supreme Court of Texas in its Rules of
Judicial Administration. The court refused to reinstate the case. We will affirm the dismissal.

 Thomas raises two points of error, one each against the dismissal and the refusal
to reinstate. We review the court's decisions for abuse of discretion. State v. Rotello, 671
S.W.2d 507, 509 (Tex. 1984). We consider the entire history of the litigation in determining
whether the plaintiff used due diligence in prosecuting the case; no single factor is dispositive. 
Ozuna v. Southwest Bio-Clinical Lab., 766 S.W.2d 900, 902 (Tex. App.--San Antonio 1989, writ
denied).

 Thomas was injured on September 17, 1992 when her car was struck as she pulled
out of the McDonald's restaurant parking lot in Killeen, Bell County, Texas. She contended that
the appellees were liable for her injuries because they negligently placed and maintained a
playscape that obstructed her view of oncoming traffic. She alleged physical and emotional
injuries, property damage, and monetary losses. At the reinstatement hearing she said she sought
recompense for soft-tissue neck and back injuries and $4,000 in chiropractor bills.

 She twice previously filed suit for these damages. She first filed suit in Harris
County Court-at-Law No. 4 in April 1993. Haljohn asked that venue be transferred to its
residence in Travis County or to Bell County. Thomas moved to dismiss her action, stating that
she had determined that venue was improper in Harris County; the court dismissed the case in
June 1993. That same month, Thomas filed suit in Travis County Court-at-Law No. 1 against
Haljohn and McDonald's. She moved on August 2, 1993 to dismiss that suit because she
determined that venue was improper in Travis County; the court dismissed the case on August 5,
1993. Thomas made written discovery requests in both cases and the defendants made some in
the Travis County action, but both cases were dismissed before any responses were filed.

 Thomas filed this suit through present counsel in Harris County on September 1,
1994. The appellees moved to transfer venue in October 1994 to which Thomas filed opposition. 
Only Thomas appeared at the scheduling conferences in December and February (appellees say
they were not notified of the conferences). In February 1995, the court adopted a scheduling
order that required all discovery requests and deposition notices to be filed by September 15, 1995
and set a trial date of October 23, 1995. On May 8, 1995 the court granted the appellees'
amended motion to transfer venue following Thomas's telephoned notice three minutes before the
hearing that she did not oppose the motion. The clerk sent notice of this transfer order on May
22, 1995 and sent a bill for $2 in costs to Thomas. The bill was past due and the file still not
transferred on August 8, 1995. On September 18, 1995, the Travis County clerk sent notice that
the file had arrived in Travis County.

 The first filing after the transfer to Travis County was appellees' motion to dismiss
for want of prosecution filed on October 19, 1995. The appellees alleged that there had been no
discovery in this action and no discovery responses sent in the previous cases. On November 2,
1995, the day the court held a hearing on the motion, Thomas filed interrogatories and requests
for production. The court signed the order dismissing the case on November 6, just over fourteen
months after the case was filed. The court found that Thomas had not prosecuted her claims with
due diligence and that the action had not been disposed of within the time standards promulgated
by the Supreme Court in its Rules of Judicial Administration. The court later denied her motion
for rehearing and for reinstatement.

 Thomas contends by her first point of error that the court abused its discretion in
dismissing her cause of action for want of prosecution because she was within the Supreme Court
guidelines established for the prosecution of a jury trial. Read strictly, Thomas's first point of
error does not require exploration of the merits. She complains that she had time to proceed
within the eighteen-month goal set by the Supreme Court (Tex. R. Judicial Administration
6(b)(1)). The time limit was but one of two bases for the court's decision. The dismissal for
failure to prosecute with due diligence provides an unchallenged basis to affirm the dismissal. We
will, however, consider the diligence issue within the scope of the second point of error.

 Thomas charges by her second point that the court erred by overruling her motion
to reinstate because she was prosecuting her cause of action properly. The order denying the
motion to reinstate did not state its basis, but the statement of facts of the hearing shows that the
court considered many factors. The court noted that Thomas had done little to advance the case
(except file suit three times) in more than three years since the injury. Thomas did not carry her
burden to see that the Harris County clerk transferred the file to Travis County. The court also
commented that Thomas did not comply with the scheduling order entered by the Harris County
court. Though the parties thought that the scheduling order was mooted by the transfer and the
court agreed that it effectively had been, the court noted that the scheduling order, like other
orders, remained in force until replaced; Thomas did not seek a new one and it was not replaced. 
The court noted that Travis County courts can hold bench trials nine weeks and jury trials nine
months after the defendant's answer; Thomas did nothing for the nearly six months after the
Harris court ordered the case transferred until she sent discovery the morning of the hearing on
the motion to dismiss, almost two weeks after that motion was filed. The length of time since the
injury, the nature of the injury, the multiple lawsuits, and the inactivity all support the trial court's
decision to dismiss the case for lack of diligent prosecution.

 We do not find that the trial court abused its discretion either in dismissing the
cause or refusing to reinstate it. We overrule both points of error.

 We affirm the dismissal.


Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: June 12, 1996

Do Not Publish