**Martin M. VILLARREAL, Appellant,**

v.

**SAN ANTONIO TRUCK & EQUIPMENT, INC. and Robert Gonzalez, Appellees.**

No. 04–96–01005–CV.

Court of Appeals of Texas,
San Antonio.

May 13, 1998.

**276**

Luis R. Vera, Jr., Adolfo Garcia, Law Offices of Luis R. Vera, Jr., San Antonio, for appellant.

Peter Y. Henry, San Antonio, for appellee.

Before STONE, GREEN and DUNCAN, JJ.

STONE, Justice.

This case addresses the adequacy of the dismissal docket notice used in Bexar County. Martin Villarreal appeals from an order dismissing his lawsuit for want of prosecution. In his sole point of error, Villarreal argues that the trial court abused its discretion in dismissing his cause for lack of prosecution because the court's dismissal notice indicated only the court's intent to dismiss for failure to appear at the dismissal hearing. Because we find that the notice adequately apprised Villarreal of the nature of the proceeding, we affirm.

### FACTUAL & PROCEDURAL BACKGROUND

On June 21, 1994, Villarreal, an employee of San Antonio Truck & Equipment, Inc., sued San Antonio Truck & Equipment, Inc. and Robert Gonzalez for their alleged negligence in failing to maintain a safe work environment. After a flurry of discovery activity during the summer of 1994, no action occurred in the case until October 1996, when the case was set on the dismissal docket. On August 30, 1996, the court notified Villarreal that upon its own motion it had set his cause on the dismissal docket. The notice, bearing the heading, "Notice of Setting," stated, in part:

> By direction of the presiding judge of said court notice is hereby given you that the above cause(s), upon order of the court is set for dismissal on the 22nd day of October, 1996, A.D., at 8:32 o'clock a.m., in the monitoring court.... You are requested to be present and make your announcement. If no announcement is made, this cause will be dismissed for want of prosecution.
>
> \* \* \* \* \* \*
>
> You are reminded that this is not a docket for the re-setting of cases, but for their dismissal.

On October 21, Villarreal filed a motion to set the case on the jury docket; he did not obtain a trial setting. The next day, Villarreal appeared at the dismissal hearing, argument was heard, and the trial court dismissed Villarreal's case. The dismissal order stated that Villarreal's case was dismissed because "there [was] good and sufficient reason for dismissal for want of prosecution."

### TRIAL COURT'S AUTHORITY TO DISMISS FOR WANT OF PROSECUTION

A trial court's authority to dismiss a cause for want of prosecution is not limited to one source. The Texas Rules of Civil Procedure provide one basis for this authority; a trial court's inherent power provides the second source. Rule 165a expressly permits dismissal for want of prosecution for failure to appear at a hearing or trial setting, see TEX.R. CIV. P. 165a(1), and when a case has not been disposed of within the supreme court's time standards. See TEX.R. CIV. P. 165a(2). Aside from this power conferred by the rules of procedure, a trial court possesses the inherent power to dismiss a case not prosecuted with due diligence. Rizk v. Mayad, 603 S.W.2d 773, 776 (Tex.1980); Veterans' Land Board v. Williams, 543 S.W.2d 89, 90 (Tex.1976); City of Houston v. Thomas, 838 S.W.2d 296, 297 (Tex.App.—Houston [1st Dist.] 1992, no writ); Ozuna v. Southwest Bio-Clinical Laboratories, 766 S.W.2d 900, 901 (Tex.App.—San Antonio 1989, writ

denied). Imbedded in this latter concept is the trial court's need to maintain and control its docket. Each ground for dismissal is cumulative and independent. *See* TEX.R. CIV. P. 165a(4); *Veterans' Land Board,* 543 S.W.2d at 90; *Ozuna,* 766 S.W.2d at 901.

## ARGUMENT ON APPEAL

On appeal, Villarreal's sole contention is that the dismissal is improper because dismissal under the notice issued by the court could only be for failure to appear at the hearing. He appeared at the hearing and announced ready for trial; therefore, he argues, the trial court abused its discretion in dismissing the cause for failure to diligently prosecute it, a ground not stated in the dismissal notice. Villarreal relies primarily upon *Goff v. Branch,* 821 S.W.2d 732 (Tex. App.—San Antonio 1991, writ denied), in support of this argument. Specifically, Villarreal looks to this court's characterization of the dismissal notice in *Goff:*

> In the present case, the notice of setting, which was signed by a deputy district clerk, merely informed appellants that their case was set for dismissal on a day certain. The notice also warned the appellants that "[i]f no announcement [was] made, this cause [would] be dismissed for want of prosecution," and nothing more. As in *Mandujano* [*v. Oliva,* 755 S.W.2d 512 (Tex.App.—San Antonio 1988, writ ref'd) ], a reasonable reading of the notice merely gave the appellants notice that the dismissal setting was pursuant to the provisions of Rule 165a(1). TEX.R. CIV. P. 165a(1).

*Goff,* 821 S.W.2d at 734. Villarreal asserts that because the notice in the instant case, like that in *Goff,* impliedly references Rule 165a(1), one of the trial court's bases of authority for dismissal, the trial court is thereby restricted to that basis for a dismissal.

San Antonio Truck Equipment and Gonzalez counter by citing to *Ozuna v. Southwest Bio-Clinical Laboratories,* 766 S.W.2d 900 (Tex.App.—San Antonio 1989, writ denied), and argue that the trial court had the inherent authority to dismiss the case for failure to prosecute it with due diligence. *Ozuna,* 766 S.W.2d at 901. In their opinion, the only issue presented on appeal is whether the record supports the trial court's finding of lack of diligent prosecution.

## ADEQUACY OF NOTICE

■ We disagree with Villarreal's reading of *Goff* and the assertion that it compels reversal in this case. *Goff* involved a dismissal for want of prosecution and refusal to reinstate. *Goff,* 821 S.W.2d at 733. There, the plaintiffs' case was dismissed due to their failure to appear. *Id.* at 735. At the motion to reinstate, the plaintiffs established that they were, in fact, not only present at the dismissal hearing, but they notified the court that they were ready for trial and had requested a trial setting. *Id.* Thus, the *Goff* panel concluded that the trial court's denial of the motion for reinstatement was erroneous under Rule 165a(3).[2] *Id.* at 735–36. The *Goff* panel then addressed whether affirmance of the denial of the motion to reinstate could be proper under the trial court's inherent authority to dismiss a case for lack of diligent prosecution. The *Goff* panel recognized that a trial court has the inherent authority to dismiss a case for lack of diligent prosecution at a dismissal hearing, but found that exercise of that power at a motion to reinstate would be improper where the court is solely concerned with the reason for the party's failure to appear. *See id.* at 736. It is from this discussion Villarreal isolates the language of *Goff* to support his contention that the trial court in the instant case abused its discretion for invoking its inherent authority to dismiss for want of prosecution at the dismissal hearing. While the *Goff* panel noted that the party subject to the notice would be alerted that the court was proceeding under Rule 165a(1) at the dismissal hearing, this court did not conclude, contrary to Villarreal's assertion, that the notice thereby defined or restricted the trial court's authori-

2. Rule 165a(3) states, in part:
   The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.

ty to dismiss for failure to appear at the hearing.

*Ozuna* also involved a dismissal for want of prosecution and refusal to reinstate. *Ozuna,* 766 S.W.2d at 901. Unlike *Goff,* the dismissal order in *Ozuna* recited two grounds to support the trial court's dismissal: (1) failure to appear; and (2) lack of diligent prosecution. *Id.* Like *Goff,* the record established that the plaintiff had indeed appeared at the dismissal hearing. The *Ozuna* panel, however, was able to affirm the dismissal on the independent basis of lack of diligent prosecution stated in the dismissal judgment. *Id.* at 902–03. The trial court was not required to reinstate upon the affirmative showing that the parties had appeared at the dismissal hearing, but could affirm the judgment on any legal theory stated in the dismissal judgment supported by the record. *See id.* at 901.

Clearly, the facts of the instant case are closer to *Ozuna* than *Goff.* That is, we are not presented with the issue of whether reinstatement was required under Rule 165a(3), rather we are asked to determine whether the trial court properly concluded that Villarreal's case had not been prosecuted with due diligence. Here, the trial court had the inherent authority to dismiss for want of prosecution if it found sufficient lack of activity. *See Bevil v. Johnson,* 157 Tex. 621, 307 S.W.2d 85, 87–88 (1957); *see also Ozuna,* 766 S.W.2d at 901. The notice in the instant case expressly stated that the case was set on the dismissal docket upon the court's own motion. The placement of a case on the dismissal docket on a court's own motion is nothing but an exercise of the trial court's inherent authority to control its docket. *See Bevil,* 307 S.W.2d at 87–88. Therefore, it cannot be said that Villarreal was not alerted that the trial court was invoking its inherent power to dismiss for lack of diligent prosecution when the court, on its own motion, placed his case on the dismissal docket.[3] *See Peralta v. Heights Medical Center, Inc.,* 485

U.S. 80, 84, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988).

### DILIGENT PROSECUTION

■ In determining whether a party has demonstrated a lack of diligence in prosecuting a claim, a trial court may consider the entire history of the case, including the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay. *King v. Holland,* 884 S.W.2d 231, 237 (Tex.App.—Corpus Christi 1994, writ denied). No single factor is dispositive, and a belated trial setting or stated readiness to proceed to trial does not conclusively establish diligence. *Ozuna,* 766 S.W.2d at 902.

■ The record in the instant case reveals that following a brief period of discovery activity after the initiation of the lawsuit, there was no activity for two years until the trial court notified Villarreal of its intent to dismiss the case. In response to the notice, Villarreal filed a motion to set the case on the jury docket on October 21st, *one day prior to the hearing.* The record does not indicate that a setting was obtained. Based on these facts, we are unable to say the trial court abused its discretion in dismissing a case in which the only activity after a two-year hiatus came at the eleventh hour in response to the court's dismissal warning. A belated trial setting or eager announcement of readiness to proceed to trial does not conclusively establish diligence. *Ozuna,* 766 S.W.2d at 902; *see Reed v. Reed,* 158 Tex. 298, 311 S.W.2d 628, 630 (1958); *Bevil,* 307 S.W.2d at 88. Similarly, the filing of a motion to set a case on the jury docket does not propel us closer to this conclusion.

The judgment of the trial court is affirmed.[4]

Dissenting opinion by DUNCAN, J.

---

**3.** We also note that despite Villarreal's contentions on appeal, he could not have been harmed by the notice's alleged inadequacies because argument regarding his diligent prosecution was offered to the court at the dismissal hearing.

**4.** At the request of the dissenting justice, the seven justices of this court reviewed this case and a majority of the justices determined to not consider this matter en banc.

DUNCAN, Justice, dissenting:

If a trial court sends a notice stating a case is set for dismissal, requesting the recipient to be present and make his announcement, and providing that "[i]f no announcement is made, this cause will be dismissed for want of prosecution," and the recipient appears and makes his announcement, may the trial court nonetheless dismiss the case for want of prosecution?

  × "No," this court answered in *Goff v. Branch,* 821 S.W.2d 732 (Tex.App.—San Antonio 1991, writ denied). A "reasonable reading" of such a notice "merely" gives notice of an intent to dismiss if the party fails to appear at the dismissal hearing. *Id.* at 734.

  √ "Yes," this court answered in *Ozuna v. Southwest Bio–Clinical Labs.,* 766 S.W.2d 900 (Tex.App.—San Antonio 1989, writ denied). "The purpose of the dismissal docket [is] to review the diligence with which cases [have] been prosecuted, ... [and] the notice of setting clearly warn[s], 'If no announcement is made, this case will be dismissed for want of prosecution.'" *Id.* at 901.

*Goff* and *Ozuna* thus conflict on the issue of whether Bexar County's form dismissal notice constitutes adequate notice of an intent to dismiss a case for want of prosecution on a ground other than a failure to appear.

In my view, this conflict should be resolved by this court sitting en banc, and it should be resolved in accordance with *Goff.* I therefore respectfully dissent to the majority's denial of en banc consideration and to the panel's judgment in this case.

### FACTUAL AND PROCEDURAL SUMMARY

Villarreal sued San Antonio Truck and Gonzalez on June 14, 1994. On August 30, 1996, the clerk sent Villarreal, his attorney, and San Antonio Truck's attorney a notice stating in relevant part:

### Notice of Setting

Dear Sir: By direction of the presiding judge of said court notice is hereby given you that the above cause(s), upon order of the court is set for dismissal on the 22nd day of October, 1996, A.D., at 8:32 o'clock a.m., in the Monitoring Court, Room 213, second floor Bexar County Courthouse, 100 Dolorosa Street, San Antonio, Texas 78205. *You are requested to be present and make your announcement. If no announcement is made, this cause will be dismissed for want of prosecution.*

All orders that will remove a case from the dismissal docket must be submitted to the dismissal department on or before the date when the docket is called.

You are reminded that this is not a docket for the re-setting of cases, but for their dismissal.[1]

In response to this notice, on October 21, Villarreal filed a motion to set his case for a jury trial and a motion to retain the case on the court's docket.

The dismissal hearing was held October 22 but the record on appeal does not contain a reporter's record of this hearing. Another panel of this court denied Villarreal's motion to file the reporter's record late since he had not filed a timely motion for extension of time, citing *Texas Instruments, Inc. v. Teletron Energy Management, Inc.,* 877 S.W.2d 276, 278 (Tex.1994). However, San Antonio Truck does not dispute Villarreal's assertion that he and his attorney appeared at the October 22 dismissal hearing. I therefore accept the assertion as true. *See* TEX.R.APP. P. 38.1(f) (formerly TEX.R.APP. P. 74(f)).

On October 23, the trial court signed a dismissal order stating:

On the 22nd day of October, 1996 came on to be called at 8:32 a.m., the following entitled and numbered causes specially set on the dismissal docket in the manner provided by law; and

It appearing to the court that there is good and sufficient reason for dismissal of these cases for want of prosecution;

It is therefore, ordered that the causes of action listed below, be, and the same are hereby, dismissed for want of prosecution

---

1. Emphasis added and converted from all capitals for ease of reading.

with costs assessed against the plaintiffs for which execution shall issue.[2]

There then follows a list of forty-four cases, one of which is Villarreal's. Villarreal did not file a motion to reinstate.

Villarreal argues on appeal the trial "court exceeded its authority under the Rules of Civil Procedure and the due process requirements of the Fourteenth Amendment when it ordered the case dismissed" after he appeared and announced "ready" because the notice of dismissal sent to him stated only that his case would be dismissed for "want of prosecution" "[i]f no announcement is made" at the dismissal hearing. The majority rejects this argument, holding that the notice is adequate to support a dismissal for a failure to diligently prosecute because it (1) did not "restrict[ ] the trial court's authority to [a] dismiss[al] for [a] failure to appear at the [dismissal] hearing," at 277, and (2) did "alert [Villarreal] that the trial court was invoking its inherent power to dismiss for lack of diligent prosecution...." Slip op. at 6. I disagree.

### BASES FOR DISMISSALS FOR WANT OF PROSECUTION

As the majority opinion indicates, a trial court may dismiss a case for want of prosecution pursuant to either Rule 165a or its inherent power. What the majority fails to recognize, however, is that the notice sent to Villarreal was never intended to, does not, and cannot constitute constitutionally-adequate notice of an intent to dismiss on any ground other than a failure to appear.

### *"Inherent Power" Dismissals*

Common law vests Texas trial courts with the inherent power to "move their dockets" by dismissing cases for want of prosecution when a party seeking relief fails to prosecute its case with "due diligence." *Rizk v. Mayad,* 603 S.W.2d 773, 776 (Tex.1980). Under this common law "rule of discontinuance":

Where the defendant in a suit is called to answer and has responded to the call, the duty devolves on the plaintiff to proceed in prosecuting the suit to a conclusion with reasonable diligence, and whenever a delay of an unreasonable duration occurs, such delay if not sufficiently explained, will raise a conclusive presumption of abandonment of the plaintiff's suit, and a discontinuance results. However, since the discontinuance must be based on a factual situation involving lack of due diligence, same does not and cannot become effective until the basic facts are adjudicated by the court. Whenever the hearing for such adjudication is had, the plaintiff has the right to be heard to explain, if he can, his delay in prosecuting his suit.

*Callahan v. Staples,* 139 Tex. 8, 161 S.W.2d 489, 491 (1942). This rule of "discontinuance" thus requires a trial court to afford a party adequate notice of a hearing at which it will have an opportunity to show " 'good cause' " for the delay in prosecuting the case and an adjudication of the "basic facts" establishing "lack of due diligence." *See id.; see also State v. Rotello,* 671 S.W.2d 507, 508 (Tex.1984);*Gracey v. West,* 422 S.W.2d 913 (Tex.1968);

### *"Failure to Appear" Dismissals*

By the 1950s, Bexar County, undoubtedly among others, had established procedures by which cases were set on a jury docket and then, if "an announcement was not made at that time the case would be dismissed for want of prosecution." *Routh v. City of San Antonio,* 302 S.W.2d 452, 453 (Tex.Civ. App.—Eastland 1957, no writ); *see generally id.* at 453–54 (trial court's explanation of Bexar County's jury docket call practice as it existed in 1956).

In 1973, however, "to ameliorate the effect of a judge's dismissal of actions for neglect and non-action," the Supreme Court of Texas promulgated Rule 165a, *Rizk,* 603 S.W.2d at 776, which provided for notice, a hearing, and mandatory reinstatement for "failure to appear" dismissals in certain circumstances.[3]

---

**2.** Converted from all capitals for ease of reading.

**3.** **Rule 165a.  Dismissal for Want of Prosecution**
    A case may be dismissed for want of prosecution on failure of any party seeking affirma-

tive relief or his attorney to appear for any hearing or trial or docket call of which he had notice, or on failure of such party or his attorney to request a hearing, or take some other

action specified by the court, within fifteen days after the mailing of notices of the court's intention to dismiss the case for want of prosecution. The notices of intention to dismiss shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file, by posting same in the United States Postal Service. Notice of the signing of the order of dismissal shall be given as provided in Rule 306d. Failure to mail notices as required by this rule shall not affect the finality of any order of dismissal except as provided below.

Within thirty days after the signing of the order of dismissal, the court shall reinstate the case upon finding, after hearing, that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake. Where after a hearing the court finds that neither the party nor his attorney received a mailed notice, or acquired actual notice in any manner, of either the court's intention to dismiss or the order of dismissal prior to the expiration of twenty days after the signing of such order, the court may reinstate the case at any time within thirty days after the party or his attorney first received either a mailed notice or actual notice, but in no event later than six months after the date of signing the order of dismissal.

A motion for reinstatement shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk, and a copy shall be served on each attorney of record and each party not represented by an attorney. The court shall set the motion for hearing as soon as practicable and notify all parties or their attorneys of record of the date, time and place of the hearing.

This dismissal and reinstatement procedure shall be cumulative, independent of, and unaffected by the rules and laws governing any other procedures available to the parties in such cases.

See Text & Historical Note following Tex.R. Civ. P. 165a (Vernon 1979). Rule 165a was rewritten in 1983 to conform its postjudgment procedures to those adopted for other types of judgments:

### Rule 165a. ˙ Dismissal for Want of Prosecution

*1. Dismissal.* A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief or his attorney to appear for any hearing or trial of which ~~he~~ *the party or attorney* had notice, or on failure of ~~such~~ *the* party or his attorney to request a hearing, or take ~~some~~ other action specified by the court, within fifteen days after the mailing of notices of the court's intention to dismiss the case for want of prosecution. ~~The n~~*Notices* of *the court's* intention to dismiss shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file, by posting same in the United States Postal Service. ~~Notice of the signing of the order of dismissal shall be given as provid-~~

~~ed in Rule 306d. Failure to mail notices as required by this rule shall not affect the finality of any order of dismissal except as provided below.~~ *Failure to mail notices as required by this rule shall not affect any of the periods mentioned in Rule 306a except as provided in that rule.*

~~Within thirty days after the signing of the order of dismissal, the court shall reinstate the case upon finding, after hearing, that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake. Where after a hearing the court finds that neither the party nor his attorney received a mailed notice, or acquired actual notice in any manner, of either the court's intention to dismiss or the order of dismissal prior to the expiration of twenty days after the signing of such order, the court may reinstate the case at any time within thirty days after the party or his attorney first received either a mailed notice or actual notice, but in no event later than six months after the date of signing the order of dismissal.~~

*2. Reinstatement.* A motion *to* ~~for~~ reinstate~~ment~~ shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk *within 30 days after the order of dismissal is signed or within the period provided by Rule 306a.*~~, and a~~ *A* copy *of the motion to reinstate* shall be served on each attorney of record and each party not represented by an attorney *whose address is shown on the docket or in the papers on file. The clerk shall deliver a copy of the motion to the judge, who* ~~The court~~ shall set ~~the motion for~~ *a* hearing *on the motion* as soon as practicable. ~~and~~ *The clerk shall* notify all parties or their attorneys of record of the date, time and place of the hearing.

*The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.*

*In the event for any reason a motion for reinstatement is not decided by signed written order within seventy-five days after the judgment is signed, or, within such other time as may be allowed by Rule 306a, the motion shall be deemed overruled by operation of law. If a motion to reinstate is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.*

*3. Cumulative Remedies.* This dismissal and reinstatement procedure shall be cumulative~~, independent of, and unaffected by~~ the rules and laws governing any other procedures available to the parties in such cases. *The same reinstatement procedures and timetable is applicable to all dismissals for want of prosecution including cases which are dismissed pursu-*

As originally promulgated, Rule 165a provided that a trial court could dismiss a case for a "failure to appear" if (1) the "party seeking affirmative relief or his attorney" failed "to appear for any hearing or trial or docket call of which he had notice," or if (2) the court mailed a notice of its "intention to dismiss ... for want of prosecution," and the affected "party or his attorney" failed "to request a hearing, or take some other action specified by the court, within fifteen days after the mailing of" the notice. *See* text accompanying n.2.

After promulgation of Rule 165a, the Bexar County district courts issued a dismissal notice remarkably similar to the 1956 notice

in *Routh* and, except for the stated particulars, virtually identical to the notice sent Villarreal in this case; the notice thus set the case on the dismissal docket and provided for a dismissal for "want of prosecution" "[i]f no announcement is made" when the case was called. *Bard*, 767 S.W.2d at 841 (quoting notice). This form notice thus conformed to the rule as it then existed by laying the necessary predicate for a trial court to dismiss a case for want of prosecution under Rule 165a when the party failed to appear at the noticed hearing. *See, e.g., id.* at 843.

In 1987, however, subdivision 1 of Rule 165a was completely rewritten, and the new rule was made effective January 1, 1988.[4]

---

ant to the court's inherent power, whether or not a motion to dismiss has been filed.

See Text & Historical Note following Tex.R. Civ. P. 165a (Vernon Supp.1997); *see also Bard v. Frank B. Hall & Co.*, 767 S.W.2d 839, 843 (Tex. App.—San Antonio 1989, writ denied)(quoting 1983 version of rule in effect in 1987). The 1983 amendments thus did not impact the adequacy of Bexar County's form dismissal notice.

4. **Rule 165a. Dismissal for Want of Prosecution** (as amended effective Jan. 1, 1988)

1. ~~Dismissal~~ *Failure to Appear.* A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief ~~or his attorney~~ to appear for any hearing or trial of which the party or his attorney had notice. ~~or on failure of the party or his attorney to request a hearing or take other action specified by the court within fifteen days after the mailing of notice of the court's intention to dismiss the case for want of prosecution.~~ Notice of the court's intention to dismiss *and the date and place of the dismissal hearing* shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file, by posting same in the United States Postal Service. *At the dismissal hearing, the court shall dismiss for want of prosecution unless there is good cause for the case to maintained on the docket. If the court determines to maintain the case on the docket, it shall render a pretrial order assigning a trial date for the case and setting deadlines for the joining of new parties, all discovery, filing of all pleadings, the making of a response or supplemental responses to discovery and other pretrial matters. The case may be continued thereafter only for valid and compelling reasons specifically determined by court order. Notice of the signing of the order of dismissal shall be given as provided in Rule 306a.* Failure to mail notices as required by this rule shall not affect any of the periods mentioned in Rule 306a except as provided in that rule.

2. *Non–Compliance With Time Standards. Any case not disposed of within time standards promulgated by the Supreme Court under its Administrative Rules may be placed on a dismissal docket.*

~~2~~3. **Reinstatement.** A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a. A copy of the motion to reinstate shall be served on each attorney of record and each party not represented by an attorney whose address is shown on the docket or in the papers on file. The clerk shall deliver a copy of the motion to the judge, who shall set a hearing on the motion as soon as practicable. The court shall notify all parties or their attorneys of record of the date, time and place of the hearing.

The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.

In the event for any reason a motion for reinstatement is not decided by signed written order within seventy-five days after the judgment is signed, or, within such other time as may be allowed by Rule 306a, the motion shall be deemed overruled by operation of law. If a motion to reinstate is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

~~3~~4. Cumulative Remedies. This dismissal and reinstatement procedure shall be cumulative of the rules and laws governing any other procedures available to the parties in such cases. The same reinstatement procedures and timetable ~~is~~ *are* applicable to all dismissals

As a result of the 1988 amendments, a failure to appear justifies a dismissal for want of prosecution under the rule only if "[n]otice of the court's intent to dismiss and the date and place of the dismissal hearing" are "sent by the clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown" and, at the dismissal hearing, the party seeking affirmative relief fails to establish "good cause" for maintaining the case on the court's docket. TEX.R. CIV. P. 165a(1). In this context, "good cause" is necessarily established if the "failure to appear" was with "adequate justification," i.e., "accident, mistake or other reasonable explanation," since that is all that is required to invoke mandatory reinstatement under Rule 165a(3). *Smith v. Babcock & Wilcox Constr. Co., Inc.,* 913 S.W.2d 467, 468 (Tex.1995) (per curiam).

### *"Time Standards" Dismissals*

The 1988 amendments to Rule 165a also added subdivision 2, which authorizes a trial court to place a case on the dismissal docket because it has not been disposed of "within the time standards promulgated by the Supreme Court." *See* TEX.R. CIV. P. 165a(2). In line with this provision, the Bexar County district courts adopted Local Rule 3.26, which provides:

> 3.26 ***Dismissal for Want of Prosecution.*** Pursuant to Rule 165a, T.R.C.P., cases that have not been disposed of within the Supreme Court's time standards shall be scheduled for hearing to show cause why they should not be dismissed for want of prosecution. The local administrative judge shall periodically assign judges to preside over the dismissal docket.

RULES OF PRACTICE, PROCEDURE AND ADMINISTRATION IN THE DISTRICT COURTS OF BEXAR COUNTY, TEXAS, Part 3(e) (April 1991).

### GOFF AND OZUNA

In *Goff* and *Ozuna,* this court reviewed the trial court's denial of Rule 165a(3) motions to reinstate cases dismissed for "want of prosecution." In both cases, the plaintiff, like Villarreal, received Bexar County's form dismissal notice. *See Goff,* 821 S.W.2d at 734–35; *Ozuna,* 766 S.W.2d at 901. Like Villarreal, therefore, Goff and Ozuna received notices stating that the presiding judge of the trial court had set their cases for dismissal hearings on particular dates and at particular times, requesting the parties' presence at these hearings, and stating their cases "will be dismissed for want of prosecution" "[i]f no announcement is made" at the dismissal hearings. *Id.* Also like Villarreal, both Goff and Ozuna appeared at their dismissal hearings. *Goff,* 821 S.W.2d at 735; *Ozuna,* 766 S.W.2d at 901. Finally, the orders dismissing Goff and Ozuna's cases for "want of prosecution" stated they "failed to appear ... or make any announcement" at the dismissal hearings, *Goff,* 821 S.W.2d at 735; *Ozuna,* 766 S.W.2d at 901, while the dismissal order in this case states "[i]t appearing to the court that there is good and sufficient reason for dismissal of these cases for want of prosecution; it is ... ordered that the causes of action listed below, be, and the same are hereby, dismissed for want of prosecution...."

Unlike Villarreal, Goff and Ozuna filed motions to reinstate. *Goff,* 821 S.W.2d at 733; *Ozuna,* 766 S.W.2d at 901. As a result, while Goff and Ozuna, like Villarreal, appealed dismissal judgments, they, unlike Villarreal, claimed the dismissal judgments were incorrect both because they appeared at the dismissal hearing and because reinstatement was mandatory under Rule 165a(3). *Id.* Therefore, neither the *Goff* nor the *Ozuna* panel needed to reach the initial propriety of the dismissal order; as both recognized, reinstatement by the trial court and reversal by this court were mandatory *if* the dismissal order was *just* a "failure to appear" dismissal under Rule 165a(1). *Goff,* 821 S.W.2d at 736; *see Ozuna,* 766 S.W.2d at 903. Both panels were thus required to decide if the dismissal judgments could be affirmed as proper "failure to diligently prosecute" dismissals. *Goff,*

for want of prosecution including cases which are dismissed pursuant to the court's inherent power, whether or not a motion to dismiss has been filed.

*See* Text and Historical Note following TEX.R. CIV. P. 165a (Vernon Supp.1997).

821 S.W.2d at 736; *Ozuna,* 766 S.W.2d at 902. It is at this point that the two opinions diverge irreconcilably.

In *Ozuna,* the panel interpreted Bexar County's form dismissal notice as both (1) notice of intent to dismiss for a "failure to appear" pursuant to Rule 165a(1) since the notice stated the trial court's intent to dismiss "[i]f no announcement is made," and (2) notice of an intent to dismiss for a "failure to diligently prosecute" because "[t]he purpose of the dismissal docket was to review the diligence with which cases had been prosecuted" and the notice stated it would dismiss for "want of prosecution." *See Ozuna,* 766 S.W.2d at 901. Therefore, the panel reasoned, the trial court's order dismissing Ozuna's case for "want of prosecution" following a "failure to appear" in fact dismissed the lawsuit on two separate and independent grounds: "(1) failure to appear at the dismissal hearing, and (2) failure to litigate the case to a conclusion with due diligence." *Id.*

In *Goff,* the panel expressly held the Bexar County form dismissal notice was insufficient to support a "failure to diligently prosecute" dismissal:

> We recognize that the court also has inherent powers to dismiss for want of prosecution, aside from the provisions of TEX.R. CIV. P. 165a(1), provided proper notice is given to the party whose cause is to be dismissed. However, we can find no authority for a court to invoke for the first time, without prior notice, its inherent powers to dismiss for want of prosecution in a ***reinstatement hearing clearly involving only the review of a dismissal order under TEX.R. CIV. P. 165a(1).*** If a trial court had authority to invoke its inherent powers to dismiss for want of prosecution at any time, with or without proper notice, cases could be summarily dismissed at random in the privacy of the court's chambers. Such a situation would be unjust and untenable.

*Goff,* 821 S.W.2d at 736 (emphasis added). In other words, since the Bexar County form dismissal notice does not provide adequate notice of an impending "failure to diligently prosecute" dismissal, the resulting order can only be interpreted as a "failure to appear"

"dismissal order under TEX.R. CIV. P. 165a(1)." *Goff* reached this conclusion without referencing or distinguishing *Ozuna.*

## STANDARD OF REVIEW

We review an order dismissing a case for want of prosecution under an abuse of discretion standard. *State v. Rotello,* 671 S.W.2d 507, 509 (Tex.1984). An abuse of discretion is shown with respect to factual matters only when the record establishes "the trial court could reasonably have reached only one decision." *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). However, "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion...." *Id.* Whether a dismissal notice is constitutionally adequate is a question of law for the court to resolve. *See, e.g., Rotello,* 671 S.W.2d at 509.

## NOTICE OF "FAILURE TO APPEAR" DISMISSAL INADEQUATE TO EFFECT NOTICE OF DISMISSAL ON OTHER BASIS

Like Ozuna and Goff, Villarreal appeared at the dismissal hearing. Therefore, as in *Ozuna* and *Goff,* the trial court's dismissal order in this case cannot be construed as a "failure to appear" dismissal order or, if it is so construed, it must be held to constitute an abuse of discretion. *See Barnes v. Domain,* 875 S.W.2d 32 (Tex.App.—Houston [14th Dist.] 1994, no writ) (abuse of discretion to dismiss suit for failure of plaintiff's attorney to appear at pretrial conference when attorney appeared); *but cf. MacGregor v. Rich,* 941 S.W.2d 74, 75 (Tex.1997) (per curiam) (adopt construction of dismissal order that correctly applies law).

In reliance upon *Ozuna,* however, the majority holds that Bexar County's form dismissal notice is adequate notice of a "failure to diligently prosecute" dismissal hearing because it (1) did not "restrict[ ] the trial court's authority to [a] dismiss[al] for [a] failure to appear at the [dismissal] hearing," slip op. at 5, and (2) did "alert[ Villarreal] that the trial court was invoking its inherent power to dismiss for lack of diligent prosecution...." Slip op. at 6. But *Ozuna* 's reason-

ing, and therefore the majority's, is fatally flawed by the erroneous assumption that the intent and effect of Bexar County's form dismissal notice is to lay the requisite predicate for both "failure to appear" and "failure to diligently prosecute" dismissals. In fact, as demonstrated by *Routh* and *Bard*, Bexar County's form dismissal notice, as it has existed since at least the mid–1950s, was intended to lay the predicate only for "failure to appear" dismissals; it was never intended to give notice of an intent to dismiss for a failure to diligently prosecute. Nor can it do so.

Due process, guaranteed by the Fourteenth Amendment to the United States Constitution, requires the court to give adequate notice of its intent to dismiss for want of prosecution. *Rotello*, 671 S.W.2d at 508; *Donnell v. Spring Sports, Inc.*, 920 S.W.2d 378, 386 (Tex.App.—Houston [1st Dist.] 1996, writ denied); *Hubert v. Illinois State Assistance Comm'n*, 867 S.W.2d 160, 163 (Tex. App.—Houston [14th Dist.] 1993, no writ); *Tramco Enters., Inc. v. Independent Am. Sav. Ass'n*, 739 S.W.2d 944, 948 (Tex.App.—Fort Worth 1987, no writ). For a notice to be constitutionally adequate, it must be " 'reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections.' " *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). In short, constitutionally-adequate notice is "notice at a meaningful time and in a meaningful manner." *Peralta*, 485 U.S. at 86, 108 S.Ct. 896. A trial court thus abuses its discretion if it gives notice of an intent to dismiss for one reason but then dismisses for another. *See Hosey v. County of Victoria*, 832 S.W.2d 701 (Tex. App.—Corpus Christi 1992, no writ).

A "reasonable reading" of Bexar County's form dismissal notice "merely" gives notice of an intent to dismiss for a failure to appear. *Goff*, 821 S.W.2d at 734. The notice makes no attempt to and does not notify the recipient of any other basis for the threatened dismissal. As a result, the notice is constitutionally inadequate to support a dismissal for a reason other than a failure to appear. *See id.*

## HARM ANALYSIS

The majority opinion also attempts to justify its holding by classifying the constitutionally deficient notice as harmless error, because "argument regarding [Villareal's] diligent prosecution was offered to the court at the dismissal hearing." Slip op. at 6 n.3. However, as noted above, the record on appeal does not include a reporter's record of the dismissal hearing because another panel of this court denied Villarreal's motion to file the record late. In this same order, the panel ruled that "[t]he references in [Villareal's] brief to the [reporter's record] will not be considered by the court." Both this court's order and the rules preclude this court from conducting a harm analysis based on the copy of the dismissal hearing record attached to Villarreal's brief.

Even if we could consider the record of the dismissal hearing, however, the fact that Villarreal was given an opportunity to be heard does not render the constitutionally-deficient notice adequate. Nor can it be said to eradicate its effects. Adequate notice does not simply enable one to attend a hearing and speak, if permitted to do so. Adequate notice enables one to prepare. And Villarreal was denied the right to prepare his argument against dismissal by a notice that effectively told him he need only "make an announcement" to avoid that result. Quite simply, Villarreal never received notice that even if he appeared at the dismissal hearing and announced "ready" for trial, his case might still be dismissed on some other ground.

## CONCLUSION

What we decide today is no less than the constitutionality of Bexar County's form dismissal notice—an issue of obvious importance to Bexar County litigants, lawyers, and trial judges. For this reason, I called for en banc consideration of this case and, because I believe the reasoning in *Goff* to be the correct application of the constitutional right to meaningful notice, I respectfully dissent to

the majority's denial of en banc consideration and to the panel's judgment.