# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00428-CV

**John Perrupato, Appellant**

**v.**

**Lloyd Bellaire, Appellee**

### FROM COUNTY COURT AT LAW NO. 3 OF BELL COUNTY
### NO. 55,179, HONORABLE GERALD M. BROWN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

John Perrupato appeals the dismissal of his case for want of prosecution. He contends that the county court cannot refuse to set a case for trial after a formal request to do so, and that the county court may not refuse to reinstate a case after receiving uncontroverted evidence that any failure to proceed was not intentional or the result of conscious indifference but was due to accident or mistake or has been reasonably explained. We affirm the dismissal.

This appeal arises from the parties' claims in small claims court. The parties sued each other in a dispute about payment for pickup truck and motorcycle parts and repair work. The justice court awarded Bellaire $856.84 plus $62 in court costs to be paid by Perrupato. Perrupato filed his appeal bond on December 30, 2005, seeking review by the county court at law.

In early March 2009, the county court sent notice of its intention to dismiss this appeal for want of prosecution. The notice set a hearing for April 2, 2009, and cautioned that, if a

trial setting was not requested at least ten days before the hearing, the cause would be dismissed without prejudice. On March 31, 2009, Perrupato filed a motion to retain this case on the docket. On the morning before the April 2 dismissal hearing, he filed a motion to set case for hearing during September or October 2009. The county court signed an order of dismissal on the following basis:

> On this 2nd day of April, 2009, the parties and/or their attorneys having been notified more than thirty (30) days prior hereto of the Court's intention to DISMISS, and no party having heard their case, nor having taken written action to request a trial setting at least 10 days before this date, nor showing good cause for the case to be maintained on the docket, the Court on its own Motion finds that such cause should be in all things dismissed without prejudice in accordance with Rule 165a, Texas Rules of Civil Procedure, for want of prosecution.

Perrupato filed a motion to reinstate after dismissal, asserting that he has a fundamental right under the state and federal constitutions to have the government redress his grievances and that he intended to prosecute this action.

The county court held a hearing on the motion to reinstate. Bellaire did not file any opposition or appear at the hearing. Under examination by his attorney, Perrupato testified that he expected that the case would be set for trial by the court rather than upon his request. He testified that he had maintained relevant documents and the parts in dispute and was ready to proceed. When his attorney asked "there was some miscommunication and misunderstanding about when we were supposed to get information transferred back and forth and get the setting. Is that—," Perrupato stated, "Obviously, yes." When the trial judge inquired whether Perrupato thought it strange when three years went by without action on his case, Perrupato said he wondered about it, but figured that overcrowded jails and jail populations were delaying his case. The county court denied the motion

2

to reinstate, opining in open court that three years was an extreme amount of time for an appeal from justice court and that reinstating the case would be unfair to Bellaire because witnesses' memories fade and evidence is lost.

Both rule 165a of the Texas Rules of Civil Procedure and the court's inherent power grant a trial court authority to dismiss a case for want of prosecution. *See* Tex. R. Civ. P. 165a(1)-(2); *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). A case may be placed on a dismissal docket under Rule 165a when it is not disposed of within the time standards promulgated by the supreme court. *See* Tex. R. Civ. P. 165a(2). The supreme court recommends that county court judges ensure that all civil cases are brought to trial or final disposition within 18 months from appearance date for jury cases and 12 months for nonjury cases. Tex. R. Jud. Admin. 6(c)(1), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F app. (West Supp. 2009). Further, a trial court's inherent authority, independent of the rules of procedure, authorizes dismissal when a plaintiff fails to prosecute his case with due diligence. *Villarreal*, 994 S.W.2d at 631. Whether the plaintiff actually intended to abandon the lawsuit is not the inquiry. *Bevil v. Johnson*, 307 S.W.2d 85, 87-88 (Tex. 1957); *Ozuna v. Southwest Bio-Clinical Labs.*, 766 S.W.2d 900, 902 (Tex. App.—San Antonio 1989, writ denied), *overruled on other grounds*, *Villarreal*, 994 S.W.2d at 633. Nor does the existence of a belated trial setting or an asserted eagerness to proceed to trial conclusively show that a trial court erred by dismissing and refusing to reinstate a case. *Ozuna*, 766 S.W.2d at 902.

3

We review a trial court's decision to dismiss a case for want of prosecution under a clear abuse of discretion standard. *See State v. Rotello*, 671 S.W.2d 507, 508-09 (Tex. 1984); *Bevil*, 307 S.W.2d at 87. A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

Perrupato contends that the court erred by not retaining or reinstating his case. He argues that his right to have the court resolve his dispute should not be disregarded in favor of the court's interest in maintaining its docket. He contends that his motion to retain, filed three days before the dismissal hearing, and request for a setting, filed six hours before the dismissal, informed the county court that he intended to prosecute the case. He also contends that his testimony at the hearing on the motion to reinstate demonstrated that the delay was the result of his misunderstanding of the court's scheduling process and of a miscommunication between himself and his lawyer about when to show the lawyer evidence and documents supporting his claim. He contends that this evidence showed that the delay was the result of accident or mistake and had been reasonably explained.

We find no abuse of discretion. Perrupato was not denied access to the court system or unfairly prevented from seeking redress from the court system. The dispute underlying this appeal was heard by the justice court and decided to some extent in Bellaire's favor. After Perrupato sought review by the county court, this case languished in the county court for 39 months before Perrupato filed his motion to retain the case on the county court's docket. That motion was filed after a notice of dismissal was sent and after the deadline set by the court in the notice for filing such

4

motions. The case lay unprosecuted for twenty-one months beyond the supreme court's guidelines for resolution of jury cases in county courts—more than twice the guideline period. There is no indication that Perrupato did anything in the county court toward prosecuting this appeal during that period. Rather, the clerk's record and Perrupato's statement of the case in his appellate brief indicate that he did nothing in the county court toward prosecuting this case during that period. His explanation is that he did not attempt to set the case for hearing or trial because, despite being represented by counsel, he was waiting for a trial setting to be sent by the county court. Even when warned that his case could be dismissed, he failed to act promptly or timely to set it for hearing. When Perrupato did ask the court to retain or reinstate the case, the county court balanced Perrupato's interest in pursuing review of the justice court's decision with Bellaire's interests and the justice system's concerns with evidence and memories gone stale or missing due to the passage of time. We conclude that Perrupato has not shown that either the county court's initial decision to dismiss or its subsequent decision not to reinstate was an abuse of discretion.

        Affirmed.

_____

        G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed: June 25, 2010

5